DeFranco *v.* Belardino et al., Appellants.

Argued April 24, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Dean, III*, with him *Dean and McCoy*, for appellants.

*Steven A. Cotlar*, with him *Cotlar and Mantz*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, June 28, 1972:

This action in equity was instituted by certain taxpayers (appellees) of Bensalem Township, Bucks Coun-

ty, against the township supervisors (appellants) in order to challenge the appointment of Dominic Belardino as a township supervisor by the other supervisors.* After an evidentiary hearing, the Court of Common Pleas of Bucks County, sitting in equity, entered a decree nisi in favor of the appellees; subsequent exceptions were eventually denied and a final decree entered. This appeal followed.

Fred E. Zeigler, a township supervisor whose term of office would have expired on the first Monday of January 1974, died on April 19, 1970. At a meeting held on the evening of May 13, 1970, the township supervisors, including Dominic Belardino, whose term of office would have expired the first Monday of January 1972, appointed James E. Stauring to fill the vacancy created by the death of Ziegler. The next morning Belardino resigned and Albert Bader was appointed to fill the Belardino vacancy. At the same meeting on May 14, 1970, Stauring resigned and Belardino was appointed to fill his vacancy until the first Monday of January 1974. The end result of this maneuvering was the addition of two years to Belardino's term of office.

While we do not approve or condone this obvious subterfuge, we find it necessary to vacate the decree of the court below. By a host of decisions it is well-established that quo warranto is the sole and exclusive remedy to try title or right to public office, whether the right which is challenged is that of a de jure or a de facto officer. *E.g., Carroll Township School Board Vacancy,* 407 Pa. 156, 180 A. 2d 16 (1962). However, we

---

* The Second Class Township Code, Act of May 1, 1933, P. L. 103, §420, *as amended,* 53 P.S. §65420 (Supp. 1971), provides: "if a vacancy shall occur in the office by death [or] resignation . . . a majority of the remaining supervisors may appoint a successor . . . within thirty days after the vacancy occurs . . . [t]he successor so appointed shall hold the office for the unexpired term."

noted in *Mayer v. Hemphill,* 411 Pa. 1, 7, 190 A. 2d 444, 447 (1963), that, "exceptions have been wisely recognized by the Courts to the narrow circumscribed limited remedy of quo warranto for several reasons: (1) quo warranto does not always furnish an adequate and full remedy; (2) the wisdom of applying a remedy which will avoid a multiplicity of suits; (3) the paramount right of the public to have a surer and more adequate remedy to restrain wrongful acts by a public official, including the unlawful expenditure of public money. Where such circumstances exist, equitable relief has been granted through a taxpayer's bill or other injunctive or equitable remedy. [Citations omitted]." *See, also, Chalfin v. Specter,* 426 Pa. 464, 233 A. 2d 562 (1967); *Com. ex rel. Specter v. Martin,* 426 Pa. 102, 232 A. 2d 729 (1967).

It was the position of the court below that, "the facts of this case are such as to fall within the exceptional circumstances exceptions to the exclusivity of the remedy of quo warranto. . . ." Although this Court did not definitely decide this procedural question in *Mayer* due to the exigencies of the situation, we specifically approved the employment of mandamus in the *Martin* opinion and implicitly allowed a complaint in equity in *Chalfin.* However, in *Martin* and *Chalfin* we were faced with an impending election requiring a quick judicial response due to the intricacies of the election machinery. Moreover, unlike the situation in *Martin,* there is no suggestion on the record before us that the Attorney General or the Bucks County District Attorney is unwilling to act. On balance, we are of the opinion that this appeal does not present exceptional circumstances and the court below improperly entertained the appellees' complaint in equity.

Decree vacated. Each party to pay own costs.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent. I believe that it is appropriate for this Court to now decide this matter on the merits. I also believe that on the merits the decree of the court below should be reversed.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I respectfully dissent.

This case presents a slick and transparent scheme on the part of elected public officials to accomplish by indirection that which could not be done directly. It was within the power of a court of equity to prevent this usurpation of power and the chancellor was correct in exercising equitable jurisdiction to do so. As we stated in *Mayer v. Hemphill,* 411 Pa. 1, 190 A. 2d 444 (1963), quoted in the opinion of the majority, "Courts are striving to get away from technicalities in order to promote justice and if the public interest is to be protected, Courts cannot blind themselves to realities." 411 Pa. at 8, 190 A. 2d at 447.

I accordingly would affirm the decree for the reasons fully, and, as I believe, correctly set forth in the opinion of the court en banc below in overruling the exceptions to the chancellor's adjudication.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

For too long a time, the courts of the land have attempted—unsuccessfully—to explain when quo warranto lies and when it does not. No more time should be wasted in the justice system by citizens, lawyers and judges trying to determine how many quos can successfully dance on the needle point of the warrantos. Additionally, the requirement that a citizen must challenge a person's right to public office by a quo warranto proceeding requesting the consent of an elected or ap-

pointed government official is an unjust barrier between a citizen and the courts.

This appeal should be considered on the merits and the decree of the lower court reversed; the appellants did not violate any statute in their conduct. The motivations of the township supervisors is a proper matter for the electorate of Bensalem Township—not this court.