## League of Women Voters of Lower Merion and Narberth *v.* Lower Merion Township Board of Commissioners (et al., Appellant).

Argued January 17, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Thomas N. O'Neill, Jr.,* with him *Kirk T. Karaszkiewicz,* and *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Sondra K. Slade,* with her *William P. Manning, Jr., J. Grant McCabe, III, Crawford & Diamond,* and *Wright, Spencer, Manning & Sagendorph,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

On June 19, 1972, Lower Merion Township Ordinance No. 1670 became effective. The ordinance reap-

portioned the fourteen wards of the township in accordance with Article IX, §11 of the Constitution of this Commonwealth. Prior to the effective date of the ordinance, appellant, C. Dale McClain, was an elected commissioner representing Ward 10 of the township, wherein he resided. The shifting of the boundaries occasioned by the ordinance placed appellant's residence in Ward 5. Prior to the effective date of the ordinance, appellant took title to a residence in Ward 1, into which he moved shortly after the ordinance became effective.

On July 15, 1972, the Board of Commissioners appointed a new commissioner for Ward 10, as it was reconstituted by Ordinance 1670, but permitted appellant to remain as an at-large commissioner, thus giving the fourteen-ward township fifteen commissioners. Appellees requested that the attorney general institute quo warranto proceedings to disqualify appellant from his office, due to the fact that he was no longer a resident of the ward from which he was elected. This request was denied. Appellees then requested the district attorney of Montgomery County to institute quo warranto proceedings. This request was also denied. Appellees then filed a complaint in equity, seeking the disqualification of appellant as a commissioner.

The chancellor entered a decree nisi, enjoining appellant from serving as a commissioner. Lower Merion Township and the individual commissioners filed an answer and new matter and exceptions to the decree nisi. After argument, the court en banc entered a final decree continuing the injunction permanently and this appeal followed.

Appellees claim that the appeal concerns "the application, interpretation or enforcement of [an] act of the General Assembly regulating the affairs of political subdivisions," and thus properly belongs in the Commonwealth Court, under §402 of the Appellate Court

Jurisdiction Act, Act of July 31, 1970, P. L. 673, art. I, §101 et seq., 17 P.S. §211.101 et seq.

Appellant claims that his appeal concerns "the right to public office," and is, therefore, properly before our Court under §202 of the Act.

In the case of *Smethport A. Sch. Dist. v. Bowers,* 440 Pa. 310, 317, 269 A. 2d 712 (1970), we said: "The 'right' to office undoubtedly includes questions of qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of a particular public office." Under the law enunciated in *Bowers,* we believe that this case is properly before us.

The first argument that must be dealt with in this appeal is whether appellees' failure to bring their action in quo warranto is fatal to their cause. While it has long been the law of this Commonwealth that quo warranto is the proper method with which to contest the right to public office, there are exceptions to that rule. In *DeFranco v. Belardino,* 448 Pa. 234, 292 A. 2d 299 (1972), we stated that under certain circumstances, there may be exceptions to the limited remedy of quo warranto, and equitable relief may be granted. In the instant case, we are presented with circumstances that are an exception to the rule. The attorney general refused to institute the proceedings and the district attorney also failed to grant appellees' request for the institution of quo warranto against appellant. Under this set of facts, appellees were precluded from a course of action that would challenge appellant's right to office, and equity was their only avenue of approach. This failure of the proper parties to institute the quo warranto proceedings established the right of appellees to such a remedy in equity.

Appellant alleges that even if equity was the proper course to pursue, he is still entitled to his office, regard-

less of the fact that he has moved his residence out of the ward in which he was elected. However, §504 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, art. V, §504, as amended, 53 P.S. §55504, requires that "Commissioners shall reside in the ward from which elected." *Com. ex rel. Fortney v. Bobrofskie*, 329 Pa. 44, 196 A. 489 (1938).

Moreover, there is no authority in The First Class Township Code which would permit the Board of Commissioners to allow appellant to serve as an at-large commissioner. Section 504 of the statute, 53 P.S. §55504, does provide: "In townships having less than five wards, the number of commissioners shall be five. One such commissioner shall be elected from each ward, and the remaining number of commissioners, to which the township is entitled, shall be elected at large. In townships having five or more wards, one commissioner shall be elected from each ward."

Since The First Class Township Code does not provide for at-large commissioners in townships having more than five wards, we must conclude that the Legislature did not intend the allowance of at-large commissioners in such townships. Consequently, we hold that since Lower Merion Township had fourteen wards, at-large commissioners are not permitted.

Appellant, by his voluntary selection of a residence outside of the ward he was elected to represent (Ward 10) disqualified himself from holding the office of commissioner of Lower Merion Township.

Decree affirmed. Costs to be borne by appellant.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.