673 A.2d 879

**Donald ANDREZJWSKI, Rose Andrezjwski, John F. Kearney, Beatrice G. Kearney, Mildred Kuhn, John Cavanaugh, and Audrey Cavanaugh, Appellants,**

**v.**

**BOROUGH OF MILLVALE and James R. Burn, Jr., Mayor, Appellees.**

Supreme Court of Pennsylvania.

Submitted Nov. 22, 1995.

Decided March 28, 1996.

Reargument Denied May 24, 1996.

540

Frank L. Cecchetti and David G. Metinko, Pittsburgh, for Appellants.

Robert Stewart, for Millvale and Burn.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

The issue is whether appellants properly brought a suit in equity to challenge the Borough of Millvale mayor's right to public office, or whether, as the trial court held, an action in

quo warranto is the exclusive means to challenge his qualifications.

Appellants are registered voters of Millvale who believe that appellee James R. Burn, Jr., who won an independent write-in campaign for the office of mayor of Millvale in November, 1993, was not a qualified candidate for the office due to his move to the borough sixty-five days before the election and thus failed to meet the statutory requirement that a candidate must reside in the borough for a full year prior to an election.[1] They possessed abundant information tending to establish Burn's residence in the Borough of Bellevue—such as wage tax payments, voter registration, telephone listing, and resident directory listing—until August 31, 1993, when he allegedly filed a change of address order with the U.S. Postal Service, changing his address from Bellevue to Millvale.

In order to challenge his qualifications,[2] appellants retained counsel who wrote to the Attorney General of Pennsylvania, outlining the evidence that Burn did not meet the residency requirement to hold office in Millvale, and requesting that the attorney general bring an action in quo warranto to disqualify the mayor. An assistant responded by stating that the statutory jurisdiction of the attorney general did not

1. See 53 P.S. § 45801, the Borough Code, which states, *inter alia:* "All elected borough officers shall reside in the borough from which elected and shall have resided in the borough continuously for at least one year before their election."

2. In *In re Petition to Recall Reese,* 542 Pa. 114, 665 A.2d 1162 (Pa. 1995), this court recently addressed the constitutionality of the recall provisions of the home rule charter of the Municipality of Kingston. The home rule charter detailed a procedure for the recall of any elected municipal officer by majority vote of the electorate at a public election. We held that the procedure violated Article VI, section 7 of the Pennsylvania Constitution, which states that all elected public officers "shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

We emphasize that a challenge to the qualifications of a person to run for or hold an elective office is fundamentally different from an attempt to remove a person from office for misbehavior after a valid election. This case involves an alleged lack of qualification to hold office. *In re Petition to Recall Reese* involved an attempt to remove a validly-elected officer; the constitutional question addressed therein does not arise in this case and its holding is therefore not applicable.

include matters such as mayors' qualifications, and referring appellants' counsel to the district attorney of Allegheny County.

Appellants' counsel wrote to the district attorney, enclosing a copy of the attorney general's letter, asking him to review appellants' allegations and to respond. The district attorney refused to institute an action in quo warranto, stating that such an action could be brought by any member of the borough council and by any disappointed candidate for the office. Moreover, the district attorney informed appellants that they had equitable standing to challenge the mayor's right to office, citing *League of Women Voters v. Bd. of Commissioners of Lower Merion Twp.*, 451 Pa. 26, 301 A.2d 797 (1973). The district attorney stated that he did not think it proper to institute an action on behalf of individuals who had standing to sue for themselves, mentioning instances in which this policy of his office had been followed in recent election contests.

Appellants, interpreting *League of Women Voters, supra,* to establish equitable standing due to the district attorney's refusal to proceed in quo warranto, brought suit in equity, seeking the disqualification of Mayor Burn. Appellees filed preliminary objections, alleging an adequate remedy at law as well as appellants' lack of capacity to sue, seeking dismissal of appellants' petition. The trial court granted appellees' preliminary objections and dismissed appellant's petition with prejudice, holding that quo warranto is the sole and exclusive remedy to challenge the right to public office and that appellants lacked standing to sue; the court relied on *DeFranco v. Belardino,* 448 Pa. 234, 292 A.2d 299 (1972) and *Spykerman v. Levy,* 491 Pa. 470, 421 A.2d 641 (1980), but omitted any mention of *League of Women Voters, supra,* which had been posited by appellants as setting forth the controlling precedent. Appellants filed a direct appeal pursuant to 42 Pa.C.S. § 722(2).

The district attorney of Allegheny County, Robert E. Colville, the official empowered to challenge by quo warranto the mayor's right to hold office, refused, in his official capacity, to

proceed in quo warranto, stating his refusal on the official letterhead stationery of his office. Quizzically, he included in his letter the assertion: "Nor is this an official refusal to bring action." In order to assess appellants' equitable standing to challenge the mayor's right to office in terms of *League of Women Voters, supra,* the district attorney's letter must be regarded as an official refusal to bring action.

 In dismissing appellants' petition for lack of standing, the trial court relied in part on the district attorney's denial of "an official refusal to bring action." This was error. The question is whether, given the district attorney's refusal to proceed, appellants have equitable standing under *League of Women Voters, supra,* and other precedents.

In *League of Women Voters,* in circumstances indistinguishable from this case, this court wrote:

> The first argument that must be dealt with in this appeal is whether appellees' failure to bring their action in quo warranto is fatal to their cause. While it has long been the law of this Commonwealth that quo warranto is the proper method with which to contest the right to public office, there are exceptions to that rule. In *DeFranco v. Belardino,* 448 Pa. 234, 292 A.2d 299 (1972), we stated that under certain circumstances, there may be exceptions to the limited remedy of quo warranto, and equitable relief may be granted. In the instant case, we are presented with circumstances that are an exception to the rule. The attorney general refused to institute the proceedings and the district attorney also failed to grant appellees' request for the institution of quo warranto against appellant. Under this set of facts, appellees were precluded from a course of action that would challenge appellant's right to office, and equity was their only avenue of approach. This failure of the proper parties to institute the quo warranto proceedings established the right of appellees to such a remedy in equity.

*League of Women Voters,* 451 Pa. at 29, 301 A.2d at 799. Instead of following this controlling precept, the trial court relied on *DeFranco* and *Spykerman,* both of which rejected

challengers' suits in equity. *DeFranco,* however, specifically relied on the fact that "there is no suggestion on the record before us that the Attorney General or the Bucks County District Attorney is unwilling to act." *DeFranco,* 448 Pa. at 237, 292 A.2d at 301. *Spykerman,* likewise, rejected the avenue of equitable proceedings because the challengers had filed both equitable and quo warranto proceedings, the challengers had standing in quo warranto, and the quo warranto proceedings were pending, thus constituting the preferred method of challenging the right to public office. *Spykerman,* 491 Pa. at 488, 421 A.2d at 650. Both *DeFranco* and *Spykerman* are conspicuously distinguishable from this case, whereas *League of Women Voters* addresses the precise circumstances presented here.

It was therefore error to dismiss the equitable proceedings initiated by appellants.

Order of the trial court reversed, petition reinstated, and case remanded to the trial court for further proceedings consistent with this opinion.