IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Petition of Gregory A. Beluschak and at Least Five (5) Electors of the First Ward of the City of Clairton to Appoint Gregory A. Beluschak, a Registered Elector in and Resident of the First Ward of the City of Clairton, to Fill the Current Vacancy on Clairton City Council for The First Ward of the City of Clairton, Allegheny County, Pennsylvania | : : : : : : : : : : : : : : | No. 275 C.D. 2017 |
| Re: Petition of Richard L. Lattanzi, Raymond A. Kurta and Five (5) Electors of the First Ward of the City of Clairton to Appoint Raymond A. ("Tony") Kurta to Fill the Vacancy on Clairton City Council Due to the Passing of Councilman John A. Lattanzi on October 24, 2016 | : : : : : : : : : | No. 310 C.D. 2017 Submitted: April 21, 2017 |
| Appeal of: Gregory A. Beluschak | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: May 24, 2017

Gregory A. Beluschak (Beluschak) appeals the orders of the Court of Common Pleas of Allegheny County (trial court) appointing Raymond A. Kurta (Kurta) to fill the vacancy on Clairton City Council for the unexpired term which

runs until the first Monday in January 2020.  For the reasons that follow, we affirm the orders of the trial court.

## I.

John A. Lattanzi, Councilman for the First Ward of the City of Clairton (Clairton), died on October 24, 2016, creating a vacancy on the five-member[1] Clairton City Council (Council).  Section 15.24-2404(a) of the Clairton Home Rule Charter pertaining to filling of vacancies provides:

> If a vacancy shall occur in any elective office in the Municipality for any reason set forth in this Charter, the remaining members of the Council shall fill such vacancy by appointing a person eligible under the Charter to hold such office until a successor is elected at the next Municipal election.  Such successor will serve the remainder of the unexpired term.  If the Council shall fail to fill such vacancy within forty-five (45) days after the vacancy occurs, then the Court of Common Pleas of Allegheny County shall, upon petition of the Council or of any five (5) electors of that ward of the Municipality whose Council seat is vacant, fill the vacancy in such office by the appointment of an eligible resident of the Municipality for the unexpired term of office.

Several individuals submitted applications for the vacancy, including Beluschak and Kurta.  At a publicly-advertised meeting on November 23, 2016, Council voted on the vacancy and split, two votes for Beluschak and two votes for

---

[1] Pursuant to Clairton's Home Rule Charter, Council is comprised of four elected members and the Mayor of Clairton, who serves as Council President.  Sections 15.3-301 and 15.3-308 of Clairton Home Rule Charter.

2

Kurta. With Council unable to come to a consensus, the 45-day period provided in Section 15.24-2404(a) expired on December 8, 2016.

First thing the next morning, Beluschak and at least five electors filed a petition with the trial court to appoint Beluschak to fill the vacancy (petition). Beluschak admittedly did not provide Council, Kurta or anyone else with notice of the petition.[2] At approximately 10:00 a.m. on December 9, 2016, Beluschak and his counsel presented the petition to Common Pleas Judge Timothy O'Reilly (Judge O'Reilly). Believing the petition to be uncontested,[3] Judge O'Reilly signed an order (initial order) granting the petition and appointing Beluschak to fill the vacancy. Even though it had not yet been docketed, Beluschak and his counsel took a copy of the initial order to Magisterial District Judge Armand Martin, who administered the oath of office to Beluschak around 12:00 p.m. At approximately 3:12 p.m., Kurta filed his own petition in the trial court to fill the Council vacancy. Then, at approximately 4:10 p.m., Beluschak and his counsel presented the oath of office to the City's Manager along with Beluschak's signed Statement of Financial Interests form.

---

[2] Counsel for Beluschak called the Department of Elections and alleges that an individual named Mark Wallace told him that the Department did not need advance notice of the petition because it was not an election issue.

[3] Notably, there is no transcript of the December 9, 2016 proceedings before the trial court. Judge O'Reilly maintains that Beluschak's counsel represented at the time that the motion was uncontested, which counsel denies.

On December 12, 2016, Richard Lattanzi, Mayor of Clairton (Mayor Lattanzi)[4] and Council President, filed a motion with the trial court seeking to have Judge O'Reilly's December 9, 2016 order vacated. Mayor Lattanzi argued that Beluschak filed and presented his petition within a single day, without providing the required ten-day notice under Allegheny County Local Rule 208.3(2)(b). Mayor Lattanzi also noted that Judge O'Reilly's initial order still had not been entered on the docket.[5] That same day, December 12, 2016, trial court Judge Michael DellaVecchia (Judge DellaVecchia) signed an order scheduling a hearing for December 20, 2016, on the petition to vacate Judge O'Reilly's initial order. Judge DellaVecchia also barred Beluschak from voting or attending any executive sessions of Council pending further order of court. On December 13, 2016, Judge O'Reilly's initial order was finally docketed.

At a hearing before Judge O'Reilly on December 20, 2016, Beluschak's counsel claimed that notice of his client's petition was not required to be provided to Council, Kurta or anyone else. Kurta and Mayor Lattanzi argued otherwise, asserting that the lack of notice and swift action only one day after expiration of the 45-day time period violated due process. The trial court agreed with Kurta and Mayor Lattanzi, noting that Beluschak and his counsel were aware of Kurta's interest and the petition clearly was not uncontested as represented. The trial court characterized this representation as sharp practice and fraud, and,

---

[4] The late Councilman Lattanzi was apparently the uncle of Mayor Lattanzi.

[5] On December 19, 2016, Mayor Lattanzi also filed a motion for reconsideration of Judge O'Reilly's initial order.

therefore, vacated its initial order. The trial court did not find persuasive Beluschak's argument that the only way to challenge his appointment was via a writ of quo warranto since the appointment was made in violation of due process and was the result of fraud. Beluschak and Kurta's petitions were then consolidated and a hearing was scheduled before Judge O'Reilly on January 17, 2017, to consider any qualified applicants for the vacancy.[6]

At the conclusion of the hearing, Judge O'Reilly issued an order appointing Kurta to fill the Council vacancy. An issue then arose as to what term Kurta would serve, specifically, whether Kurta would serve the balance of the late Councilman's term which runs through the first Monday in January 2020 or whether the vacancy should be placed on the ballot for the Municipal Election in May 2017. The trial court gave the parties 20 days to brief this issue, after which it issued a memorandum order finding that Kurta was to serve the balance of the late Councilman's term and need not seek election in May 2017. This appeal followed.[7]

---

[6] At this hearing, Beluschak testified on his own behalf, as did the two Council members who voted for him. Similarly, Kurta testified on his own behalf, as did Mayor Lattanzi, the Councilwoman who voted for Kurta, and Kurta's cousin.

[7] Our review is limited to whether the trial court committed an error of law and whether the findings were supported by the evidence. *In re Appointment of District Attorney*, 756 A.2d 711, 713 n.6 (Pa. Cmwlth. 2000).

5

## II.

## A.

Beluschak first argues that the trial court erred in vacating the initial order appointing him to fill the vacancy because there are no factual disputes in the record, all of the averments in his petition are true, and he is a qualified applicant for the position. Beluschak argues that once he was sworn into office and delivered the oath and Statement of Financial Interests Form to the City Manager on December 9, 2016, he formally held the position of Councilman, and that the only legal remedy to challenge his qualification as a sitting public office holder was by an action in quo warranto.

In general, "a quo warranto action constitutes the proper method to challenge title or right to public office." *Matter of One Hundred or More Qualified Electors of Municipality of Clairton*, 683 A.2d 283, 286 (Pa. 1996) (citing *Andrezjwski v. Borough of Millvale*, 673 A.2d 879, 881 (Pa. 1996)). However, this assumes that the individual holding office has been duly appointed. In his Rule 1925(a) opinion, Judge O'Reilly states that he signed the initial order appointing Beluschak to fill the vacancy because Beluschak's "[c]ounsel represented this Motion as 'uncontested'. . . ." (Trial Court's March 27, 2017 Opinion at 2.) Judge O'Reilly went on to state that the petition was certainly not uncontested, that counsel engaged in sharp practice in portraying it as such, and even went so far as to say that "indeed fraud was committed when the motion was presented as uncontested." (*Id.* at 3.)

Judge O'Reilly also found that the appointment was made in violation of due process given the fact that Beluschak and his counsel knew of Kurta's interest and yet failed to provide him or Council with notice of the petition. There is ample support in the record for the trial court's determination that the initial order was obtained by fraud or at a minimum misrepresentation, and that it was issued in violation of due process. Our Supreme Court has allowed alternative actions such as equity or mandamus to raise claims traditionally classified as quo warranto claims "where the exigencies of the circumstances dictated allowing such a claim." *Matter of One Hundred or More Qualified Electors*, 683 A.2d at 286-87 (collecting cases); *see also Andrezjwski*, 673 A.2d at 881; *Spykerman v. Levy*, 421 A.2d 641, 650 (Pa. 1980). Fraud and violation of due process would qualify as exigent circumstances allowing for an alternative action. Obtaining this vacant Council seat through a rush to the courthouse and *ex parte* proceedings is inimical to the whole scheme of democratic government. Because Beluschak was not duly appointed, a quo warranto action was not required.

In addition, the trial court's initial order appointing Beluschak to fill the vacancy had not yet been entered on the docket at the time he was purportedly sworn in by the local magistrate. Judge O'Reilly signed the initial order on December 9, 2016, and Beluschak was sworn in by noon that same day, but the initial order was not docketed until December 13, 2016. Until that order was docketed, it had no legal effect for Beluschak to take the oath of office. *See Department of Transportation, Bureau of Driver Licensing v. Johns*, 621 A.2d 1064, 1066 n.8 (Pa. Cmwlth. 1993) (citing Pa. R.A.P. 301(a) and noting court order not effective and appealable until entered on the appropriate docket); *Vanleer*

*v. Lerner*, 559 A.2d 577, 578 (Pa. Super. 1989) (indicating date an order is entered is the date it is filed with the Prothonotary).

In any event, Beluschak's argument ignores the trial court's statutory authority to vacate an unappealed order within 30 days after entry. Section 5505 of the Judicial Code states, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. A trial court's authority to rescind or modify an order within 30 days is almost entirely discretionary, and this power may be exercised *sua sponte* or upon a request for reconsideration. *See Bradley Center v. North Strabane Township* (Pa. Cmwlth., Nos. 307 and 360 C.D. 2014, filed March 31, 2015), 2015 WL 5332132 at *3;[8] *Verholek v. Verholek*, 741 A.2d 792, 798 (Pa. Super. 1999) (citing *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997)). Because the initial order had not yet been appealed and it was within 30 days of its entry, Judge O'Reilly had the authority to vacate his initial order. In addition, Beluschak fails to argue on appeal that this decision constitutes an abuse of discretion.

For all of these reasons, we affirm the trial court's decision to vacate the initial order appointing Beluschak to fill the vacancy.

---

[8] Pursuant to the Court's Internal Operating Procedures § 414, this unreported opinion is cited for its persuasive value only and not as binding precedent.

**B.**

Beluschak also makes the general argument that the trial court erred in appointing Kurta to fill the vacancy rather than himself. Because Council failed to appoint a successor within 45 days of Councilman Lattanzi's passing, the trial court was tasked with filling the vacancy. *See* Section 15.24-2404(a) of the Clairton Home Rule Charter. Who was going to be appointed was then within the sole discretion of the trial court.

Beluschak makes no argument and there is no evidence in the record that the trial court abused its discretion in appointing Kurta. "An abuse of discretion is not merely an error in judgment." *Commonwealth v. Snyder*, 977 A.2d 28, 41 (Pa. Cmwlth. 2009) (citation omitted). Rather, "[i]t requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous." *Zauflik v. Pennsbury School District*, 72 A.3d 773, 797 (Pa. Cmwlth. 2013) (citation omitted). The transcript of the January 17, 2017 hearing reveals that the trial court received extensive evidence and argument from both applicants, and that it gave Beluschak's petition full and fair consideration. The trial court noted that both men evidenced a public spirit and desire to serve their community. The trial court determined that Kurta would be a better appointment for the City given his significant community involvement, education and life's work experience. The trial court specifically emphasized that it did not find Beluschak to be unqualified, but between the two, Kurta was the better choice. As there is no evidence that the trial court's decision was based on bias, ill-will or manifest unreasonableness, we will not disturb the ruling on appeal.

## C.

Finally, Beluschak argues that the trial court erred in appointing Kurta to fill the vacancy for the balance of the late Councilman's term. Beluschak argues that there is an internal inconsistency in the text of Section 15.24-2404(a) of the Clairton Home Rule Charter pertaining to filling of vacancies as the first sentence states that the individual shall "hold such office until a successor is elected at the next Municipal election," and the second sentence provides that the "successor will serve the remainder of the unexpired term." Section 15.24-2404(a) of the Clairton Home Rule Charter. According to Beluschak, these two sentences can only be reconciled by interpreting the Clairton Home Rule Charter to mean that whether a vacancy is filled by Council or the trial court, the successor's term is to be limited by the results of the next municipal election.

However, the first two sentences of Section 15.24-2404(a) specifically refer to when Council acts within 45 days to fill a vacancy. Because that did not occur in this case, the language Beluschak refers to does not apply. The relevant portion of Section 15.24-2404(a) provides that when a trial court fills a vacancy on the Council, the successor serves "for the unexpired term of office."

This does not end the inquiry as Beluschak also argues that allowing Kurta to serve for the balance of the late Councilman's term is inconsistent with the Pennsylvania Election Code (Election Code),[9] and is, therefore, illegal or pre-empted by the Election Code. Beluschak cites to Sections 602 and 993 of the Election Code, 25 P.S. §§ 2752 and 2953, for the proposition that when a vacancy

---

[9] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

10

occurs in a municipal office at least 50 days prior to a primary municipal election, that vacancy shall be placed on the ballot for the ensuing election. Section 602 of the Election Code provides, in pertinent part:

> The municipal election shall be held biennially on the Tuesday next following the first Monday of November in each odd-numbered year. All judges of courts of record of the various judicial districts and counties, and all counties, city, borough, township, ward, school district, poor district and election officers shall be elected at the municipal election.

25 P.S. § 2752. Section 993(b) of the Election Code pertains to filling certain vacancies in public office by means of nomination certificates and nomination papers, and provides, in pertinent part, that "[n]omination certificates and nomination papers for public offices in counties, cities, boroughs, towns, townships, wards and school districts . . . shall be filed in the office of the county board of elections at least fifty (50) days prior to a municipal election." 25 P.S. § 2953(b).

These provisions do not support Beluschak's proposition that there is a conflict between the Election Code and the Clairton Home Rule Charter. The Election Code provisions deal with how a person gets on the ballot to fill a vacancy while the Clairton Home Rule Charter deals with when there is a vacancy.

11

Accordingly, for the foregoing reasons, we affirm the trial court's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition of Gregory A.                          :
Beluschak and at Least Five (5)                        :
Electors of the First Ward of the                      :
City of Clairton to Appoint Gregory                    :
A. Beluschak, a Registered Elector in                  :
and Resident of the First Ward of the       :          No. 275 C.D. 2017
City of Clairton, to Fill the Current                  :
Vacancy on Clairton City Council for                   :
The First Ward of the City of Clairton,                :
Allegheny County, Pennsylvania                         :
                                                       :
Re: Petition of Richard L. Lattanzi,                   :
Raymond A. Kurta and Five (5)                          :
Electors of the First Ward of the City                 :
of Clairton to Appoint Raymond A.           :          No. 310 C.D. 2017
("Tony") Kurta to Fill the Vacancy                     :
on Clairton City Council Due to the                    :
Passing of Councilman John A.                          :
Lattanzi on October 24, 2016                           :
                                                       :
Appeal of: Gregory A. Beluschak                        :

# **O R D E R**

AND NOW, this 24th day of May, 2017, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matter are affirmed.

_____
DAN PELLEGRINI, Senior Judge