368 A.2d 670

**Lee A. LEHMAN, Appellant,**

*v.*

**Harry E. TUCKER.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Jan. 28, 1977.

Edward G. Petrillo, Warren, for appellant.

Philip F. Jacobus, Kane, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On November 4, 1975, appellee, Harry E. Tucker, defeated appellant, Lee A. Lehman, the incumbent, for the office of Sheriff of Forest County. On January 16, 1976, appellant Lehman filed an action in quo warranto, challenging the right of appellee Tucker to hold the office of sheriff.

The gravamen of appellant's complaint was that appellee did not meet the residency requirements for county

officers as set forth in the County Code,[1] and, therefore, appellant, as the incumbent, pursuant to Article 9, § 4, of the Pennsylvania Constitution, would remain in office until a successor could be both elected and "duly qualified."

On February 19, 1976, appellee filed preliminary objections raising the defense that appellant lacked standing to maintain this action in quo warranto.

On March 31, 1976, the court below sustained appellee's preliminary objections and dismissed the action in quo warranto. Appellant filed exceptions to this order, and on May 19, 1976, the court below entered its final order dismissing the action in quo warranto because appellant lacked standing to bring an action in quo warranto. This appeal followed.

Appellant argues that he has the standing to maintain an action in quo warranto. We agree.

The Act of June 14, 1836, P.L. 621, § 2, 12 P.S. § 2022, provides, *inter alia*:

"Writs of quo warranto, in the form and manner hereinafter provided, may also be issued by the several courts of common pleas, concurrently with the supreme court, in the following cases, to wit:

"I. In case any person shall usurp, intrude into, or unlawfully hold or exercise any county or township office within the respective county.

"II. In case any person, duly elected or appointed to any such office, shall have done, suffered, or omit-

1. " § 413. Qualifications of elected county officers
    No person shall be elected to any county office, except the office of district attorney otherwise provided for by this act, unless he shall be at least eighteen years of age, a citizen of the United States *and a resident of the county, and shall have resided within the county for one year next preceding his election.* 1966, Aug. 9, P.L. 323, § 413, added 1963, July 10, P.L. 232, No. 129, § 1, as amended 1972, June 16, P.L. 468, No. 149, § 1." (Emphasis supplied.)

ted to do, any act, matter or thing, whereby a forfeiture of his office shall by law be created.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"And in any such case, the writ aforesaid may be issued, upon the suggestion of the attorney general, or his deputy, in the respective county, or *of any person or persons desiring to prosecute the same.*" (Emphasis supplied.)

In *Dorris v. Lloyd, (No. 2)*, 375 Pa. 481, 100 A.2d 599 (1953), this court, in defining the language "any person or persons desiring to prosecute the same," stated:

" . . . But the words 'any person or persons desiring to prosecute the same' have uniformly been held to mean any person having an interest of his own to be affected, or a wrong to be redressed, separate and distinct from that of the Commonwealth or the community in general, and not to give to a private person the use of the writ in the case of a public right involving no individual grievance. *In the absence of such a special interest, differing not merely in degree but in nature and kind from that of the public at large, a private individual cannot demand a judgment of ouster on a writ of quo warranto*: [citations omitted.] *And this is particularly true where, as here, such a judgment would not place the plaintiff himself in office.* [citations omitted]." (Emphasis supplied.)

█ As the court made clear, if a judgment in quo warranto would place that party in office, such person would possess the private interest distinct from that of the general public necessary to maintain the action. Our analysis must continue to determine whether appellant possesses such a distinct private right so as to allow the maintenance of this action in quo warranto.

Article 9, § 4, of the Pennsylvania Constitution provides, *inter alia*:

"*County officers shall consist of* commissioners, controllers or auditors, district attorneys, public defend-

366

ers, treasurers, *sheriffs,* registers of wills, recorders of deeds, prothonotaries, clerks of the courts, and such others as may from time to time be provided by law.

"*County officers,* except for public defenders who shall be appointed as shall be provided by law, *shall be elected at the municipal elections and shall hold their offices for the term of four years, beginning on the first Monday of January next after their election, and until their successors shall be duly qualified;* all vacancies shall be filled in such a manner as may be provided by law." (Emphasis supplied.)

In *Commonwealth v. Hanley,* 9 Pa. 513, (1848), this court, in interpreting similar provisions of the 1838 Constitution, and the Act of July 2, 1839, stated:

"The constitution reads thus:—'They shall hold their offices for three years, if they shall so long behave themselves well, *and until their successor shall be duly qualified.*' The obvious meaning of this clause is, that they cannot hold office less than three years, if they so long behave themselves well; although, on the happening of certain contingencies, they *may* hold office for a longer period.

"It is therefore of no consequence that, according to the respondent's construction, he holds office six, instead of three years. Without intimating an opinion as to the term of his office, or that, if as the relator contends, it would be a great misfortune, we think there is nothing in the argument which can overrule the plain words of the constitution.

\*    \*    \*    \*    \*    \*    \*    \*

"That the respondent is entitled to hold until his successor is duly qualified, are the words of the constitution.

"Was there a successor duly qualified within the spirit of the constitution? is the point on which the question mainly, if not entirely depends. Being duly

qualified in the constitutional sense, and in the ordinary acceptation of the words, unquestionably means that he, the successor, shall possess every qualification; that he shall, in all respects, comply with every requisite before entering on the duties of the office; that, in addition to being elected by the qualified electors, he shall be commissioned by the governor, give bond as required by law, and that he shall be bound by oath or affirmation (vide 8th article of constitution) to support the constitution of the commonwealth, and to perform the duties of the office with fidelity. Until *all* these prerequisites are complied with by his successor (for if you can dispense with one, you can dispense with all), the respondent is *de jure,* as well as *de facto,* the clerk of the Orphans' Court.

"The words are emphatic and full of meaning. The successor must not only be qualified, but *duly qualified;* and qualification for office, as defined by the most approved lexicographer, is endowment or accomplishment that fits for an office; having the legal requisites; endowed with qualities fit or suitable for the purpose." (Emphasis in original.)

See also *Commonwealth v. Wise,* 216 Pa. 152, 65 A. 535 (1907). (Contrary result because of the factual situation of three incumbents seeking to retain one seat on a three-man board of county commissioners.)

■ The plain meaning of Article 9, § 4, dictates that an incumbent remain in one of the enumerated county offices until a successor is both validly elected and "duly qualified."

■ We are of the opinion that an incumbent county officer, as defined by Article 9, § 4, of the Pennsylvania Constitution, serves until a successor is both validly elected and duly qualified. This action in quo warranto, if successful, would allow appellant to continue in office until a duly qualified successor is chosen. Therefore, he

368

possesses the private interest necessary to maintain this action in quo warranto. See *Dorris v. Lloyd, supra.*

We do not pass judgment on the merits of appellant's action in quo warranto, but only decide that he is a proper moving party.

Order of the Court of Common Pleas of Forest County is reversed and the record is remanded for proceedings consistent with this opinion.

NIX, C. J., took no part in the consideration or decision of this case.