J-A02031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: N.A.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.P. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 723 WDA 2021 |

Appeal from the Order Entered May 20, 2021
In the Court of Common Pleas of Jefferson County Orphans' Court at
No(s):  No. 4A-2021 O.C.

BEFORE:  OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED:  FEBRUARY 9, 2022**

J.P., the biological father of N.A.W., appeals an order of the Court of Common Pleas of Jefferson County Orphans' Court (orphans' court) denying his petition to vacate an adoption decree concerning N.A.W. and her step-father.  The crux of J.P.'s appeal is that the orphans' court erred in failing to strictly comply with the Adoption Act (23 Pa.C.S. §§ 2101-2938), and in entering the adoption decree before his parental rights had been terminated.  We affirm.

**I.**

N.A.W.'s step-father filed a Petition for Adoption and Name Change on February 3, 2021.  By the time this petition was filed, N.A.W. had turned 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

years old and was still finishing her senior year of high school. Two days later, the orphans' court scheduled a hearing to take place on April 30, 2021. At the hearing, N.A.W. and her step-father were both represented by the same attorney. They testified that they wished to formalize their father-daughter relationship through a legal adoption. At the conclusion of the hearing, the orphans' court entered a final decree granting the petition and allowing N.A.W. to assume her step-father's last name.

J.P. did not receive notice of the hearing and had no opportunity to either consent or contest N.A.W.'s adoption by her step-father. After learning of the adoption decree, J.P. filed a petition to vacate it. He stated in his petition that at the time the adoption decree was entered, there were two binding orders which granted J.P. partial custody and imposed child support conditions while N.A.W. was still in high school. Further, J.P. argued that the adoption decree was invalid because, contrary to the requirements of the Adoption Act, he had not been notified in advance of the adoption hearing, N.A.W. and her step-father were represented by the same attorney, and neither he nor N.A.W.'s biological mother had consented to the termination of their parental rights.

The orphans' court denied J.P.'s petition and he timely appealed, raising the due process and statutory interpretation grounds discussed above. The orphans' court, in turn, filed a 1925(a) opinion setting forth the reasons why the order denying J.P.'s petition should be affirmed. Essentially, the orphans'

court reasoned that the consent and representation requirements of the Adoption Act do not apply once the adoptee is no longer under the age of 18 years of age, regardless of whether the adoptee is still in high school and ostensibly subject to a custody order. Since the adoptee had reached adulthood, the consent of biological parents was not required, and to the extent that J.P. was still bound to make support payments, he would be free to seek relief on the ground that his biological daughter had ceased being his legal child. **See generally**, Orphans' Court 1925(a) Opinion, 8/13/2021, at 1-2.

## II.

J.P. first contends that the orphans' court did not strictly comply with the Adoption Act when it concluded that two statutory provisions ceased to apply once the putative adoptee, N.A.W., had turned 18 years old. According to J.P., the orphans' court erred in determining as a matter of law that N.A.W.'s age (a) made it unnecessary for the orphans' court to obtain J.P.'s consent to the adoption, and (b) made it permissible for N.A.W. and her step-father to be represented during the adoption proceedings by the same attorney.

As to the notice and parental consent requirements of the Adoption Act, Section 2714 provides that:

> Consent of a parent to adoption shall not be required if a decree of termination with regard to such parent has been entered. When parental rights have not previously been terminated, the court may find that consent of a parent of the adoptee is not required

- 3 -

if, after notice and hearing as prescribed in section 2513 (relating to hearing), the court finds that grounds exist for involuntary termination under section 2511 (relating to grounds for involuntary termination).

23 Pa.C.S. § 2714. J.P. argues here that his consent was needed in order for the orphans' court to grant his daughter's adoption petition because his parental rights had never been terminated and no grounds for involuntary termination had been presented. In J.P.'s view, his lack of notice and consent and the orphans' court's non-compliance with Section 2714 render the subject adoption decree null and void.

However, the Adoption Act outlines circumstances in which a biological parent does not have to be notified that their child is being adopted by another party. Crucially, 23 Pa.C.S. § 2711 requires the consent of an adoptee's parents if the adoptee "has not reached the age of 18 years." Section 2713 allows the orphans' court, "in its discretion, [to] dispense with consents other than that of the adoptee to a petition for adoption when . . . the adoptee is over 18 years of age[.]"[1] A parent's right to notice of an adoption hearing is contingent on whether that parent's consent is required. *See* 23 Pa.C.S. §

---

[1] The notice and consent provisions also do not apply where the trial court has been presented with sufficient evidence that the husband of the biological mother is not the putative adoptee's biological father. *See* 23 Pa.C.S. § 2711(b). This statute is inapposite because J.S.'s status as the biological father of N.A.W. is not in question.

2721 ("Notice of the hearing shall be given to all persons whose consents are required[.]").

It is undisputed here that N.A.W. is an adoptee over 18 years of age, so the orphans' court was within its discretion to dispense with the notice and consent provisions of the Adoption Act.[2] J.P. therefore had no entitlement to advance notice of the adoption proceedings, and his lack of notice has no effect on the validity of the adoption decree.

J.P.'s next contention concerns the orphans' court's interpretation of Section 2313(a), which mandates that "[n]o attorney or law firm shall represent both the child and the adopting parent or parents." **See** 23 Pa.C.S. § 2313(a). Like all provisions of the Adoption Act, this requirement must be "strictly complied with." **In re Adoption of Baby Boy D**, 769 A.2d 508, 509 (Pa. Super. 2001).

The orphans' court in this case construed Section 2313(a) as applying only when the child is under the age of 18. That is, the orphans' court found that N.A.W. is not a "child" in this context because she had already reached the age of majority by the time the adoption decree was entered. J.P. notes, however, that the Adoption Act does not define "child" or otherwise specify explicitly that the term as used in Section 2313(a) refers to a person under

---

[2] J.P. identifies no legal or factual basis as to why, within the context of 23 Pa.C.S. § 2713, it was an abuse of discretion for the orphans' court to dispense with the Adoption Act's notice requirements.

- 5 -

the age of 18 years of age. He asserts that the offspring of a parent is always the parent's "child," regardless of the child's age, and that the adoption decree is null and void due to N.A.W. and her step-father being jointly represented by the same attorney.

Before addressing the merits of this issue, we must first determine whether J.P. has standing to assert it. "[T]he question of standing is whether a litigant is entitled to have the court decide the merits of the dispute or of particular issues." **Silfies v. Webster***,* 713 A.2d 639, 642 (Pa. Super. 1998). "Standing . . . looks to the party bringing a legal challenge and asks whether that party has actually been aggrieved as a prerequisite before the court will consider the merits of the legal challenge itself." **Com. ex rel. Jud. Conduct Bd. v. Griffin**, 918 A.2d 87, 93 (Pa. 2007); **see also** Pa.R.A.P. 501 ("Only an aggrieved party can appeal from an order entered by a lower court."). "A party is '*aggrieved'* when the party has been adversely affected by the decision from which the appeal is taken.'" **Ratti v. Wheeling Pittsburgh Steel Corp.**, 758 A.2d 695, 700 (Pa. Super. 2000); **see also In re J.G.**, 984 A.2d 541, 546 (Pa. Super. 2009) (same).[3]

---

[3] "Questions of law are subject to a *de novo* standard of review." **Robert Half Int'l, Inc. v. Marlton Techs., Inc.,** 902 A.2d 519, 524 (Pa. Super. 2006) (citation omitted). This Court may affirm an order of the trial court for any reason that is supported by the certified record. **See D.G. v. D.G.**, 91 A.3d 706, 712 n.3 (Pa. Super. 2014).

Here, J.P. does not have standing to raise the issue of separate representation under Section 2313(a) because, as discussed above, N.A.W. did not need J.P.'s consent in order to be adopted by her step-father, and J.P. was not entitled to notice of the adoption proceedings. By operation of the provisions in the Adoption Act, N.A.W.'s status as a legal adult terminated J.P.'s entitlement to notice and consent that the adoption proceedings were taking place.[4] Since he had no right to intercede on N.A.W.'s behalf, and the right to separate counsel is one that belongs exclusively to N.A.W. and her step-father, J.P. is not an aggrieved party as a matter of law. Because J.P. lacks standing to challenge the adoption decree, he is precluded from relief as to his Section 2313(a) claim.

## III.

J.P.'s final argument is that the orphans' court adoption decree is a nullity because his parental rights had not first been terminated before it was entered. He refers to orders granting him partial physical custody over N.A.W. and obligating him to make support payments while N.A.W. was still in high school, regardless of N.A.W.'s age. Additionally, J.P. argues that he has a

---

[4] As will be discussed in greater detail below, the adoption decree had no effect on J.P.'s rights over N.A.W. despite that two separate custody orders ostensibly presumed a degree of parental authority. The order granting J.P. partial custody over N.A.W. ceased having legal effect once N.A.W. turned 18. The order directing J.P. to make support payments while N.A.W. was still in high school would be superseded by the adoption decree, not constitute grounds to vacate it.

right to preserve the military benefits that N.A.W. would only be entitled to as his legal child.

We find no merit in this issue because it rests on the faulty premise that the adoption decree had any practical effect on the rights afforded to him by the two custody orders. First, the partial physical custody order could have had no legal force once N.A.W. reached the age of majority. As an adult, N.A.W. is free to come and go as she pleases, and she cannot be compelled to submit to J.P.'s partial custody.

Second, the order requiring J.P. to make monthly support payments ceased having practical legal force once N.A.W. turned 18 and disclaimed her status as J.P.'s daughter. While the adoption decree would give J.P. grounds to terminate the support order, it did not preserve J.P.'s parental right to contest the adoption decree after N.A.W. became an adult. *See* 23 Pa.C.S. § 2713.

Finally, to the extent that N.A.W. was only entitled to military benefits as J.P.'s legal daughter, she was free to renounce such rights once she reached the age of majority. N.A.W. was under no obligation to remain J.P.'s legal child and forego adoption and, inversely, the availability of those benefits did not confer on J.P. any continuing parental authority or additional statutory rights over N.A.W. after she had turned 18. Accordingly, the orphans' court did not err in entering the adoption decree or in denying J.P.'s petition to vacate that decree.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2022