683 A.2d 283

In re Matter of ONE HUNDRED OR MORE QUALIFIED ELECTORS OF the MUNICIPALITY OF CLAIRTON, COUNTY OF ALLEGHENY, COMMONWEALTH of Pennsylvania, to have the Council Seat for the Third Ward, Occupied by Donald J. Desiderio, Declared Forfeited and Vacant Under Subsection (a) of Section 2403 of Article XXIV of the Clairton Home Rule Charter and Section 7 of Article 2 of the Pennsylvania Constitution, Petitioners Below, Appellants.

Supreme Court of Pennsylvania.

Argued March 5, 1996.

Decided Sept. 30, 1996.

Felix J. DeGuilio, Pittsburgh, for Appellants.

John F. Cambest and Bonnie Brimmeier, Pittsburgh, for Donald Desiderio.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

CASTILLE, Justice.

The issue raised in this direct appeal is whether appellants have standing to contest the council seat of a public officer through either a *quo warranto* action or an action in equity. Because we find that appellants, under the circumstances of this case, lack standing to bring either a *quo warranto* action or an action in equity, we affirm the Court of Common Pleas of Allegheny County order denying appellants' petition to declare the council seat of Donald J. Desiderio forfeited and vacant.

The facts giving rise to this appeal are that on October 7, 1985, Donald J. Desiderio, while sitting as a member of the Clairton Municipal Authority, was indicted for bribery in official and political matters,[1] obstructing the administration of law or other governmental function,[2] criminal conspiracy,[3] and a violation of the Pennsylvania Conflict of Interest Act[4] in

1. 18 Pa.C.S. § 4701.
2. 18 Pa.C.S. § 501.
3. 18 Pa.C.S. § 903.
4. 65 P.S. § 403.

connection with accepting $200 plus the promise of future payments as consideration for a favorable vote upon a waste disposal proposal. On March 10, 1986, Desiderio pled guilty to violating the Pennsylvania Conflict of Interest Act, a felony, in exchange for the Commonwealth's withdrawal of the remaining three charges. On October 17, 1986, Desiderio was sentenced to a five (5) year term of probation.

Notwithstanding this conviction, Desiderio was elected as a member of the Municipality of Clairton Council in November, 1993. No challenge was raised during the primary or the general election as to Desiderio's qualifications to hold this council position because of his prior conviction.

However, after Desiderio assumed office, appellants then sought to challenge his qualifications to hold the council position. Appellants initially forwarded a copy of a petition to the Pennsylvania Attorney General requesting that the Attorney General bring an action in the nature of *quo warranto* to disqualify Desiderio from office because of his prior conviction. On December 14, 1994, a Chief Deputy Attorney General informed appellants that the Attorney General's office would not bring such an action because of an internal policy of the Attorney General's office to defer challenges to a person's eligibility to hold elected office at the municipal government level to the local district attorney's office.

Shortly after the Attorney General declined to bring a *quo warranto* action, one hundred or more qualified electors of the Municipality of Clairton filed a petition in equity "To Declare Forfeited and Vacant the Council Seat of Donald J. Desiderio" in the Court of Common Pleas of Allegheny County.[5] The underlying theory of appellants' action was that Desiderio's

5. Appellants filed the petition pursuant to § 2404(e) of the Clairton Home Rule Charter which states:

The Court of Common Pleas of Allegheny County shall have jurisdiction and be the judge of the grounds for forfeiture of office where a complaint in writing by at least one hundred (100) registered electors of the Municipality is filed with the Court alleging forfeiture of office under sub-sections (a) or (e) of Section 2403 of Article XXIV of this Charter. The Court shall issue upon such officer or officers named an order to show cause why their office or offices should not be declared vacant and another appointed in their stead.

1986 felony conviction under the Pennsylvania Conflict of Interest Act made him unqualified to hold the office of councilperson under Article XXIV, Section 2403(a) of Clairton's Home Rule Charter [6] and Article II Section 7 of the Pennsylvania Constitution.[7]

On February 17, 1995, the Court of Common Pleas of Allegheny County issued an order compelling Desiderio to show cause why his office should not be forfeited. On March 28, 1995, the trial court, after hearing argument on appellants' petition in equity, issued a Memorandum in Support of Order dismissing appellants' petition for want of subject matter jurisdiction and lack of standing. The memorandum opinion stated that the only manner in which the court could entertain a complaint seeking to oust an elected official was via a *quo warranto* action. Since appellants' action to remove Desiderio was not a *quo warranto* action, the trial court reasoned that it did not have jurisdiction over appellants' petition unless the Home Rule Charter of the Municipality of Clairton was able to confer jurisdiction. The trial court, however, found that neither the General Assembly nor the Pennsylvania Constitution authorized a local home rule charter to confer jurisdiction upon a Court of Common Pleas to hear a particular matter. Thus, the trial court concluded that it did not have jurisdiction to consider appellants' petition.

The trial court also declined to convert appellants' action to one in *quo warranto*. The trial court reasoned that except under rare exceptions, a *quo warranto* action must be brought by the Attorney General or the Allegheny County District Attorney. Since neither the Attorney General nor the Allegheny County District Attorney brought the present action to

6. Section 2403 of the Clairton Home Rule Charter provides that an elected official shall forfeit office if the official "[l]acks at any time during term of office any qualification for the office prescribed by this Charter or by law." 302 Pa.Code § 15.24–2403.

7. Article II, Section 7 of the Pennsylvania Constitution provides that: "[N]o person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth."

remove Desiderio, the trial court concluded that appellants lacked standing to seek a *quo warranto* remedy.[8] Instead, the trial court urged appellants to file an action in *mandamus* compelling the Attorney General or the Allegheny County District Attorney to file a *quo warranto* action.

On April 24, 1995, appellants filed a Petition for Reconsideration claiming, *inter alia,* that: (1) the Attorney General declined to bring an action in *quo warranto* and (2) that if the trial court converted the action to *quo warranto,* then appellants would join one or more Clairton councilmen as petitioners in order to perfect standing. The trial court declined to reconsider its previous ruling and noted that appellants still had not put forth any allegation concerning the Allegheny County District Attorney's refusal to bring a *quo warranto* action in this matter. Moreover, the trial court noted that even if it could find that both the Attorney General and local district attorney implicitly declined to institute a *quo warranto* action, appellants failed to timely seek leave to amend their petition in order to properly plead subject matter jurisdiction and standing.

On April 25, 1995, appellants filed a notice of appeal with the Commonwealth Court. The Commonwealth Court transferred the appeal to this Court pursuant to 42 Pa.C.S. § 722(2).[9] This Court granted oral argument on the issue of whether appellants had standing to contest the council seat of a public officer through either a *quo warranto* action or an action in equity.

8. Appellants attach to their appellate brief a June 27, 1995 letter from the local district attorney in which it declined to institute a *quo warranto* action. This letter shows that appellants did not seek the district attorney's involvement until May 4, 1995, approximately four months after appellants instituted the present action, thirty-seven days after the trial court initially dismissed appellants' petition, and nine days after appellants filed the notice of appeal. Moreover, this letter was not part of the record before the trial court and appellants have not sought to modify or supplement the record on appeal so as to include this letter pursuant to Rule 1926 of the Rules of Appellate Procedure.

9. Section 722(2) provides that:

[T]he Supreme court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases: ... (2) The right to public office.

■ The general rule is well settled that a *quo warranto* action constitutes the proper method to challenge title or right to public office. *Andrezjwski v. Borough of Millvale*, 543 Pa. 539, 542–44, 673 A.2d 879, 881 (1996). The rationale for the exclusive nature of the *quo warranto* remedy is that:

> *[Q]uo warranto* is the Gibraltar of stability in government tenure. Once a person is duly elected or duly appointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the office by that action which is now venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely *quo warranto*.

*In re Board of School Directors of Carroll Twp.*, 407 Pa. 156, 157–58, 180 A.2d 16, 17 (1962).

■ Generally, a *quo warranto* action can only be instituted by the Attorney General or by the local district attorney. A private person will have standing to bring a *quo warranto* action only if that person has a special right or interest in the matter, as distinguished from the right or interest of the public generally, or if the private person has been specially damaged. *Spykerman v. Levy*, 491 Pa. 470, 485–86, 421 A.2d 641, 649 (1980).

■ Here, appellants have not shown any interest beyond that shared in common by all citizens of the Municipality of Clairton. Their complaint is simply that Desiderio is not qualified to be a member of the Municipality of Clairton Council as a result of his felony conviction. As such, the interest asserted is indistinguishable from the general public interest to which the law should be adhered. Neither do appellants show how they have been specially damaged by Desiderio holding office. Thus, the trial court correctly declined to convert appellants' equity action to one in *quo warranto* since appellants lacked standing to bring a *quo warranto* action.

■ However, the conclusion that appellants do not have standing to institute a *quo warranto* action does not necessarily end appellants' challenge to Desiderio's ability to hold office. There have been instances where alternative actions such as an action in equity or an action in the nature of *mandamus* have been allowed to raise claims which have traditionally been classified as *quo warranto* claims where the exigencies of the circumstances dictated allowing such a claim. A party will be permitted to bring an alternative action to the remedy of *quo warranto* where the Attorney General and the local district attorney refuse to bring such an action or if it would be a futile exercise to seek the approval of these officials. *See Andrezjwski, supra* (registered voters properly brought equitable challenge to Borough of Millvale mayor's right to office where both the Attorney General and district attorney refused to institute a *quo warranto* proceeding); *League of Women Voters v. Board of Comm'rs,* 451 Pa. 26, 301 A.2d 797 (1973) (equitable remedy seeking disqualification of appointed commissioner necessary where both Attorney General and district attorney refused to commence a *quo warranto* proceeding); *Com. ex rel. Specter v. Martin,* 426 Pa. 102, 232 A.2d 729 (1967) (*mandamus* action was appropriate since the Attorney General approved the district attorney's candidacy for mayor and it was inconceivable that the district attorney would institute action against himself in *quo warranto* ); *but see DeFranco v. Belardino,* 448 Pa. 234, 292 A.2d 299 (1972) (exceptional circumstances not present which would allow challengers' equity suits since no suggestion on the record before us that Attorney General or the Bucks County District Attorney was unwilling to bring *quo warranto* action).

■ Here, the record before the trial court shows that the Attorney General's office informed appellants that it was the Attorney General's policy to defer to the local district attorney in municipal government matters. The same record, however, shows that appellants failed to timely contact the Allegheny County District Attorney prior to instituting this action. Appellants now attempt to support their entitlement to bring an alternative action to a remedy of *quo warranto* by

attaching to their appellate brief a letter dated June 27, 1995 from the Allegheny County District Attorney's office in which the District Attorney declined to bring a *quo warranto* action. Consideration of such evidence by this Court would be improper since it has never properly been made part of the record. *See McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 162, 293 A.2d 51, 57 (1972) (appellate court cannot consider anything which is not part of the record). Thus, because appellants failed to satisfy the criteria needed to initiate a *quo warranto* action at the time they filed the present action, the trial court correctly concluded that appellants were not entitled to bring an equity action since they lacked standing to pursue the matter at issue.[10]

Accordingly, for the reasons stated above, we are constrained under these circumstances to affirm the order of the Court of Common Pleas of Allegheny County denying appellants' petition to declare the council seat of Donald J. Desiderio forfeited and vacant.

NIX, Former C.J., did not participate in the consideration or decision of this case.

---

10. In seeking to challenge a person's right to public office, a private person, with no special right or interest in the public office, must first seek to have either the Attorney General or local district attorney file a *quo warranto* action. It is only after *both* the Attorney General and the local district attorney decline to bring such an action that a private person will have standing to seek the removal of the holder of a public office through either an action in equity whereby the private person maintains the challenge in court seeking removal of the elected official or by seeking *mandamus* whereby the private person seeks the court to issue a writ compelling either the Attorney General or the local district attorney to bring a *quo warranto* action. *See Andrezjwski, supra.*