**Robert C. BOLUS, Sr., Appellant,**

v.

**Kevin MURPHY and Thomas Gilhooley.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2003.

Decided May 16, 2003.

---

Robert C. Bolus, Sr., appellant, pro se.

Eugene F. Hickey, II, Scranton, for appellees.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Robert C. Bolus, Sr. (Appellant) appeals from the order of the Court of Common Pleas of Lackawanna County (trial court), dated September 24, 2002, sus-

taining the preliminary objections that were filed by Kevin Murphy (Murphy) and Thomas Gilhooley (Gilhooley) and dismissing Appellant's quo warranto action.[1] Murphy and Gilhooley shall be collectively referred to as Appellees. We affirm the order of the trial court.

On or about April 12, 2002, Appellant filed a quo warranto private complaint against Appellees, challenging their qualifications as councilmen for the City of Scranton and seeking to have them removed from their offices.

Appellant alleged in his complaint the following facts. Murphy was elected to the City Council of Scranton in November of 1999, and he assumed office in January of 2000. (R.R. at 37). During the relevant time period, Murphy was employed and remains employed by the office of Auditor General of the Commonwealth of Pennsylvania. *Id.* Gilhooley was elected to the City Council of Scranton in November of 2000, and he assumed office in January of

2001. *Id.* During the relevant time period, Gilhooley was employed and remains employed by the County of Lackawanna as the warden of the Lackawanna County prison. *Id.* Appellant was a mayoral candidate for the City of Scranton in the 2001 general election, and he characterized himself as a weekly attendee and speaker at public sessions of the City Council of Scranton. (R.R. at 36). Appellant also alleged that on February 25, 2002, Appellees caused him to be arrested while he was exercising his Constitutional right to free speech during a City Council meeting. (R.R. at 38).

Based on those factual allegations, Appellant asserted that because Murphy and Gilhooley are employees of the State and County, respectively, their positions as City Councilmen of Scranton violate Section 3 of the Second Class City Code (the Code), Act of March 7, 1901, P.L 20, *as amended,* 53 P.S. § 22223.[2] Specifically, Section 3 of the Code provides, in relevant

---

**1.** It appears that pursuant to Section 722(2) of the Judicial Code, 42 Pa.C.S. § 722(2), this Court does not have jurisdiction over this appeal. Section 722(2) of the Judicial Code provides that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas" for cases involving "the right to public office." However, the parties did not raise the issue of this Court's lack of jurisdiction. Pursuant to Rule of Appellate Procedure 741, Pa. R.A.P. 741, "[t]he failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court." Therefore, the parties have waived any objection to this Court's jurisdiction. In the interest of judicial economy, this Court will decide the merits of the appeal.

**2.** Appellant also alleged that because the City of Scranton receives "federal funds and appropriations, Appellees are prohibited from

running for or serving in an elected position, [or] partisan, political office by the terms of the Hatch Act, 5 U.S.C. §§ 1501–1508. Appellees alleged that in order for there to be a violation of the Hatch Act, there must be allegation that the employer receives federal funding for the job and that such funding is directly connected to the position which the individual holds. Alternatively, Appellees alleged that the trial court lacked jurisdiction over an alleged Hatch Act violation. Finally, Appellees alleged that under the Pennsylvania Constitution, Article VI, Section 7, only the Governor has the ability to remove an elected official from office. Additionally, Murphy claimed that there is an exception in the Hatch Act for "individuals holding elective office," and that because he was an elected official prior to beginning his employment with the Office of Auditor General, he falls within the exception. The trial court did not address these matters, therefore, they are not properly before us. Regardless, it is not necessary for these issues to be addressed in order to dispose of this matter.

part, that members of council "shall not at the same time hold any other office, position or employment under the Government of the United States, the State of Pennsylvania, the said City or County in which it is situate...."[3]

Appellees filed preliminary objections to Appellant's complaint. The preliminary objections were essentially identical for both Murphy and Gilhooley. Appellees alleged that Appellant failed to state a cause of action on several bases. First, they alleged that at the time of the filing of the complaint, Appellant failed allege that he had requested, as required by law in order to proceed with a quo warranto action, that the Pennsylvania Attorney General's Office (Attorney General's Office) and/or the Lackawanna County District Attorney's Office file a quo warranto action and that they declined to do so. Second, although Appellant alleged that requesting action by the Attorney General's Office and Lackawanna County District Attorneys' Office would be futile, Appellees contended that Appellant failed to allege any facts in his complaint upon which the assertion is based. Third, Appellees alleged that Appellant lacked standing to proceed with a quo warranto action because he failed to establish that he has a special interest or has been specially damaged, separate and apart from that of the general public as required by law.

Subsequent to the filing of the preliminary objections, Appellant requested that the Attorney General's Office and the Lackawanna County District Attorney's Office file an action quo warranto, and both declined to do so. The trial court declined to consider the denials in connection with the preliminary objections. It reasoned that it was barred from considering the denials because they were not part of the trial court's record.

The trial court sustained Appellees' preliminary objections on the basis that Appellant had failed to request the Attorney General's Office and/or the Lackawanna County District Attorney's Office to file a quo warranto action before instituting an action as required by law and had failed to allege any facts in his complaint to support his assertion that such requests would be futile. Additionally, Appellant failed to establish that he has a special interest or has been specially damaged, separate and apart from that of the general public. Thereafter, Appellant filed a notice of appeal with the trial court.

█ On appeal,[4] Appellant asserts that he has standing to prosecute an action in quo warranto to have Appellees removed from their offices.[5]

█ A quo warranto action is the appropriate vehicle to challenge and test an individual's right to hold public office. *Spykerman v. Levy*, 491 Pa. 470, 421 A.2d 641 (1980). The basis for this procedural remedy was addressed by the Pennsylva-

---

3. Exceptions exist for the following offices or positions: "Notary Public, Commissioner of Deeds, officer in the National Guard of Pennsylvania, officer or director in any national or state bank or trust company or membership on any commission for public works or improvements, where such employment is without pecuniary compensation." Section 3 of the Code.

4. Our scope of review of an order sustaining preliminary objections is limited to a determi-

nation of whether the trial court committed an error of law or abused its discretion. *Dixon v. Cameron County School District*, 802 A.2d 696 (Pa.Cmwlth.2002).

5. Appellant also asserts that the Code bars the Appellees from serving on the City Council; however, the trial court did not address the merits of Appellant's complaint and the issue is not properly before this Court.

nia Supreme Court in *In Re: Board of School Directors of Carroll Township,* 407 Pa. 156, 180 A.2d 16 (1962). The Supreme Court specifically stated that:

[Q]uo warranto is the Gibraltar of stability in government tenure. Once a person is duly elected or duly appointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the office by that action which is not venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely quo warranto.

*Id.* at 157–58, 180 A.2d at 17.

Generally speaking, a quo warranto action can only be instituted by the Attorney General's Office or by the local district attorney. *Mayer v. Hemphill,* 411 Pa. 1, 190 A.2d 444 (1963); *Spykerman.* It is when both agencies decline that a private person may have standing but only if he or she has a special interest, or if he or she has been specially damaged as distinguished from a right or interest of the public in general. *See Mayer; Spykerman.* A private person, however, must first seek to the have the Attorney General's Office or the local district attorney's office file a quo warranto action before he or she can proceed. *One Hundred or More Qualified Electors of the Municipality of Clairton, County of Allegheny, Commonwealth of Pennsylvania,* 546 Pa. 126, 683 A.2d 283 (1996).

In *One Hundred or More Qualified Electors of the Municipality of Clairton,* the Pennsylvania Supreme Court addressed a similar issue regarding plaintiffs' failure to satisfy the criteria necessary to initiate a private quo warranto action. The plaintiffs were seeking the removal of a councilman from office. The plaintiffs claimed that the councilman, who pleaded guilty to a felony charge for violating the Pennsylvania Conflict of Interest Act, Act of October 4, 1978, P.L. 883, *as amended, repealed by* Act of October 15, 1998, P.L. 729, 65 P.S. §§ 401–409, was no longer qualified to hold office. The plaintiffs did not contact the Attorney General's Office or the local district attorney's office until after their filing of the action to remove the elected official. Although both offices declined to pursue such an action, the lower court dismissed the plaintiffs' complaint on the basis that they did not seek and receive the denials until after the complaint was filed. The plaintiffs filed a notice of appeal, and the Commonwealth Court transferred the appeal to the Supreme Court pursuant to Section 722(2) of the Judicial Code. The Supreme Court affirmed, and wrote:

Here, the record before the trial court shows that the Attorney General's office informed appellants that it was the Attorney General's policy to defer to the local district attorney in municipal government matters. The same record, however, shows that appellants failed to timely contact the Allegheny County District Attorney prior to instituting this action. Appellants now attempt to support their entitlement to bring an alternative action to a remedy of quo warranto by attaching to their appellate brief a letter dated June 27, 1995 from the Allegheny County District Attorney's office in which the District Attorney declined to bring a quo warranto action. Consideration of such evidence by the Court would be improper since it has never properly been made part of the record. See *McCaffrey v. Pittsburgh Athletic Association,* 448 Pa. 151, 162, 293 A.2d 51, 57 (1972)(appellate court cannot consider anything which is not part of the record). Thus, because appellants failed

to satisfy the criteria needed to initiate a quo warranto action at the time they filed the present action, the trial court correctly concluded that appellants were not entitled to bring an equity action since they lacked standing to pursue the matter at issue.

*One Hundred or More Qualified Electors of Municipality of Clairton,* 546 Pa. at 133–34, 683 A.2d at 287.

█ In the instant case, it is clear that by failing to request that the Attorney General's Office and the Lackawanna County District Attorney's Office proceed with an action quo warranto against Appellees prior to filing the complaint, Appellant failed to satisfy the criteria needed to initiate a quo warranto action. Although Appellant alleged that requesting action by the Attorney General's Office or Lackawanna County District Attorney's Office would be futile, based upon our review of Appellant's complaint we agree with the trial court that Appellant failed to allege any facts upon which the bare assertion is based.[6] Therefore, the trial court properly sustained Appellees' preliminary objections.[7] Accordingly, we affirm the order of the trial court, sustaining Appellees' preliminary objections and dismissing Appellant's action.

### *ORDER*

AND NOW, this 16th day of May, 2003, the order of the Court of Common Pleas of Lackawanna County, dated September 24, 2002, is hereby affirmed.

---

6. Paragraph 15 of Appellant's complaint is the only paragraph that addresses the issue. It reads as follows: "The Plaintiff has standing to bring this Quo Warranto action because it would be a futile exercise to seek approval of the Pennsylvania Attorney General or the Lackawanna County District Attorney's Office to bring this action." (R.R. at 39).

7. Because we have concluded that the trial court properly dismissed Appellant's complaint, we need not consider Appellant's argument that he has a special interest or special damage, distinguishable from that of the general public, which entitles him to bring this action. We note, however, that we concur with the trial court's opinion that Appellant did not allege sufficient facts to establish that he has a special interest or special damage such that he is entitled to proceed with the quo warranto action.