IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John G. Bergdoll : 
Registered Voter of the Commonwealth : 
of Pennsylvania, : 
                              Petitioner : 
                                        : 
                      v.                : 
                                        : 
Pedro A. Cortes, Secretary of the : 
Department of State and for the : 
Commonwealth of Pennsylvania and : 
The General Assembly of the : 
Commonwealth of Pennsylvania, : No. 6 M.D. 2017
                            Respondents : Submitted: May 26, 2017


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 12, 2017

        Before this Court are Pedro A. Cortes', Commonwealth of Pennsylvania (Commonwealth) State Department Secretary (Secretary), preliminary objections and the Commonwealth General Assembly's (General Assembly) preliminary objections to John G. Bergdoll's (Bergdoll) pro se Action in Mandamus, Quo Warranto and for Emergency Preliminary and Permanent Injunctive Relief (Action), as well as Bergdoll's pro se Motion for Judgment on the Pleadings or Summary Judgment (Motion).

        On December 9, 2016, Bergdoll filed with the Pennsylvania Supreme Court an Application to File an Original Action in Mandamus and Quo Warranto and for Emergency Preliminary and Permanent Injunctive Relief (Application).    The

Supreme Court, by December 19, 2016 *per curiam* order, denied Bergdoll's

Application. On January 6, 2017, Bergdoll filed the Action requesting this Court to:

>(a) Preliminarily and permanently enjoin and declare void ab initio the certification of the Electors purportedly selected and appointed as a result of the 'Presidential' election held on November 8, 2016 and the meeting and election by the purported Electors of the President and Vice President of the United States of America.
>
>(b) Declare unconstitutional the application of the United States Constitution Article II and its Amendments as to the Election of the President and Vice President of the United States by the Defendants and declare the laws and regulations of the Commonwealth of Pennsylvania and any similar laws of other states of the United States as violative of the Constitution of the United States Article II and applicable Amendments thereof.
>
>(c) Permanently enjoin Electors appointed, selected or elected in an unconstitutional manner from meeting and electing the President and Vice President of the United States.
>
>(d) Require the appointment selection or election of Electors that does not violate the United States and Pennsylvania Constitutions nor violate the right of the people of the Commonwealth of Pennsylvania or United States of America the right to change and alter their government as they deem necessary and proper and chose their President and Vice President.
>
>(e) Any such other relief as is necessary and just in the premises.

Bergdoll Action at 10-11.

On February 2, 2017, the Secretary filed his preliminary objections, asserting therein: (1) the Action is moot; (2) the Action is barred by laches;[1] (3)

---

[1] "Equity has established the doctrine of laches to preclude actions that are brought without due diligence and which result in prejudice to the non-moving party." *Koter v. Cosgrove,* 844 A.2d 29, 34 (Pa. Cmwlth. 2004).

Bergdoll does not have standing; and (4) the Action is legally insufficient. On February 6, 2017, the General Assembly filed its preliminary objections, averring as follows: "(i) [the A]ction is moot; (ii) [Bergdoll] lacks standing; (iii) [Bergdoll's] claims fail on the merits; (iv) sovereign immunity precludes [Bergdoll's] demands for affirmative relief against [the Secretary and the General Assembly]; and (v) constitutional Speech or Debate immunity protects the General Assembly from this suit." General Assembly Preliminary Objections (POs) at 2. On March 8, 2017, Bergdoll filed his Motion, wherein he "submit[ted] there is no genuine issue of fact that would prevent this Honorable Court from granting the relief requested by [Bergdoll]."[2] Motion at 1.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

In their preliminary objections, both the Secretary and the General Assembly argue that Bergdoll's Action is moot. Our Supreme Court has declared:

> The mootness doctrine requires an actual case or controversy to exist at all stages.

---

[2] Bergdoll incorporated all pleadings and filings in the matter in lieu of setting forth any averments in his Motion.

It is a well-established principle of law that this Court will not decide moot questions. The articulation of the mootness doctrine . . . was acknowledged in our decision in *In re Gross,* . . . 382 A.2d 116 ([Pa.] 1978) as follows:

> The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review. . . .' G. Gunther, Constitutional Law 1578 (9th ed.[]1975).

[*Gross,*] 382 A.2d at 119. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.

*In re Cain,* . . . 590 A.2d 291, 292 ([Pa.] 1991).

*Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cnty.,* 32 A.3d 639, 651 (Pa. 2011).

The Secretary and the General Assembly maintain that Bergdoll's Action is moot because Bergdoll is asking this Court to preliminarily and permanently enjoin events which have already taken place. Specifically, "the meeting and election by the purported Electors of the President and Vice President of the United States of America[,]" Bergdoll Action at 10, which Electors' meeting and election "took place on December 19, 2016[,]" General Assembly POs at 3 ¶10, and "electing the President and Vice President of the United States[,]" Bergdoll Action at 10, when "the United States Congress certified the Electoral College Vote on January 6, 2017, and the new President and Vice President took their oaths of office on January 20, 2017." General Assembly POs at 4 ¶11.

> We agree that these [] factors render the [Bergdoll Action] moot. Because [Bergdoll] s[eeks] an injunction to prevent [the Electors from meeting and electing the President and

4

Vice President which occurred weeks before the filing of his Action], and because, since the filing of this [Action[3]], the [United States Congress has certified the Electoral College and the new United States President and Vice President have taken their oaths of office], there is currently 'nothing for [this C]ourt to enjoin . . . .' *Gross, . . .* 382 A.2d at 121. Moreover, though [Bergdoll's Action seeks] an injunction 'declaring the [election of the Electors] to be void and of no force or effect,' any such relief provided by this [C]ourt would be superfluous in light of the [fact that the election has now past]. Accordingly, we hold that the instant [Action] has become moot.

*Phila. Lodge No. 5, Fraternal Order of Police v. Phila. Bd. of Pensions & Retirement,* 606 A.2d 603, 605 (Pa. Cmwlth. 1992) (citation omitted).

Bergdoll contends that the Action is not moot because a presidential election is a live controversy, and the question presented is capable of repetition yet escaping judicial review. He asserts that he is "not ask[ing] that the President or Vice President be unseated[,] but merely questions on constitution[al] grounds whether [the Secretary and the General Assembly] have acted and will act in the future within their constitutional authority." Bergdoll Br. in Response to POs at 6. However, our Supreme Court has held:

Th[e Supreme] Court is even more reluctant to decide moot questions which raise constitutional issues. *Wortex Mills v. Textile Workers*, [85 A.2d 851 (Pa. 1952)]. In *Wortex Mills* th[e Supreme] Court was asked to decide, as a constitutional matter, whether peaceful, organizational labor union picketing was legal; in *Wortex Mills* the strike which caused the picketing had ended by the time the appeal reached th[e Supreme] Court. In declining to reach the constitutional question, this Court observed:

Constitutional questions are not to be dealt with abstractly.

---

[3] Bergdoll contends this Action is a continuation of his Application filed in the Supreme Court on December 9, 2016; thus, it was filed before the Electors' meeting and election. This Court is empowered to decide only those matters properly before it which in this case are Bergdoll's January 6, 2017 Action and March 8, 2017 Motion.

> *Id.* . . . at 857, [(]quoting, *Bandini Petroleum Co. v. Superior Ct*., 284 U.S. 8, 22 . . . (1931)[)]. The United States Supreme Court has described such judicial reluctance as 'the exercise of judicial restraint from unnecessary decision of constitutional issues.' *Kremens v. Bartley*, 431 U.S. 119, 136 . . . (1977) [(]quoting, *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 138 . . . (1974)[)].

*Gross,* 382 A.2d at 120. Based on the well-established mootness doctrine, as well as the *Gross* Court's reasoning, we sustain the Secretary's and the General Assembly's first preliminary objection to Bergdoll's Action.

The Secretary and the General Assembly further assert that Bergdoll lacks standing to seek *quo warranto* relief. Bergdoll cites *Bergdoll v. Kane*, 731 A.2d 1261 (Pa. 1999), to support his position that he has standing. However, standing was not addressed in the *quo warranto* context in *Bergdoll*. Rather, "the Secretary [of State] challenged the standing of the individual petitioners on the [] ground . . . that they did not have a 'substantial, direct and immediate interest in the outcome of the litigation . . . .'" *Mixon v. Commonwealth,* 759 A.2d 442, 452 (Pa. Cmwlth. 2000), *aff'd*, 783 A.2d 763 (Pa. 2001) (quoting *Bergdoll,* 731 A.2d at 1268). Further, the Court held that the Secretary of State had waived the standing issue. *See Mixon.* Accordingly, *Bergdoll* is inapposite.

> Generally, a *quo warranto* action is the exclusive means of challenging the title or right to public office, and **only the Attorney General or local district attorney may institute a *quo warranto* action**. *In re One Hundred or More Qualified Electors of the Municipality of Clairton, . . .* 683 A.2d 283, 286 ([Pa.] 1996) [(*Qualified Electors of Clairton)*].

> [A] private person, with no special right or interest in the public office, must first seek to have either the Attorney General or local district attorney file a *quo warranto* action. **It is only after *both* the Attorney General and the local district attorney decline to bring such an action that a private person will**

6

> **have standing** to seek the removal of the holder of a public office. . . .
>
> *Id.*[] at 287 n.10 ([italics] emphasis in original). 'A party will be permitted to bring an alternative action to the remedy of *quo warranto* where the Attorney General and the local district attorney refuse to bring such an action or if it would be a futile exercise to seek the approval of these officials.' *Id.*[] at 286-87.

*Reed v. Harrisburg City Council,* 995 A.2d 1137, 1139 (Pa. 2010) (emphasis added). "**A private person will have standing** to bring a *quo warranto* action **only if that person has a special right or interest in the matter, as distinguished from the right or interest of the public generally, or if the private person has been specially damaged**." *Qualified Electors of Clairton,* 683 A.2d at 286 (emphasis added).

Bergdoll maintains that he has standing to bring the Action because "[h]e is a lifelong citizen of the Commonwealth and an independent voter who is largely excluded from the current Presidential election process. He is a taxpayer and an attorney for 47 years in the Commonwealth of Pennsylvania who is sworn to defend the constitution and has. [sic]" Bergdoll Br. in Response to POs at 4. Because Bergdoll does not allege that he requested the Attorney General or the local district attorney to bring a *quo warranto* action and they so declined, and he did not plead any "special right or interest in the matter," or that he has been "specially damaged[,]" he lacks standing to bring a *quo warranto* action. *Qualified Electors of Clairton,* 683 A.2d at 286. Consequently, we sustain the Secretary's third preliminary objection for lack of standing and the General Assembly's second preliminary objection.[4]

---

[4] Because we hold that Bergdoll's Action is moot and he lacks standing to bring the Action, we need not address the Secretary's or the General Assembly's remaining preliminary objections. Nevertheless, even if Bergdoll's Action was not moot and he had standing, he cannot meet his very **heavy** burden of proving that the General Assembly's statutes relating to Elector selection "*clearly*,

For all of the above reasons, the Secretary's first and third preliminary objections and the General Assembly's first and second preliminary objections are sustained. Consequently, Bergdoll's Action is dismissed and the Motion is denied as moot.

_____
ANNE E. COVEY, Judge

---

*palpably* and *plainly* violate[] the Constitution[,]" because he has failed to aver any facts or provide any legal support to overcome the "strong presumption that legislative enactments . . . do not violate the Constitution." *Ass'n of Settlement Cos. v. Dep't of Banking*, 977 A.2d 1257, 1261 (Pa. Cmwlth. 2009); *see also Pennsylvanians Against Gambling Expansion Fund v. Commonwealth*, 877 A.2d 383, 393 (Pa. 2005).

John G. Bergdoll
Registered Voter of the Commonwealth
of Pennsylvania,
                   Petitioner

        v.

Pedro A. Cortes, Secretary of the
Department of State and for the
Commonwealth of Pennsylvania and
The General Assembly of the
Commonwealth of Pennsylvania,
                Respondents

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:    No. 6 M.D. 2017
:

# O R D E R

AND NOW, this 12th day of July, 2017, Pedro A. Cortes', Commonwealth of Pennsylvania (Commonwealth) State Department Secretary, first and third preliminary objections and the Commonwealth General Assembly's first and second preliminary objections to John G. Bergdoll's (Bergdoll) Action in Mandamus and Quo Warranto and for Emergency Preliminary and Permanent Injunctive Relief (Action) are SUSTAINED. Accordingly, Bergdoll's Action is DISMISSED.

Bergdoll's Motion for Judgment on the Pleadings or Summary Judgment is DENIED as MOOT.

_____
ANNE E. COVEY, Judge