IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren,                                    :
                    Appellant                      :
                                                   :
          v.                                       :
                                                   :
Michael C. Potteiger, Everett A.                   :
Gillison, Mark D. Koch, Linda                      :
Pastroff Rosenberg, Theodore W.                    :
Johnson, Leo L. Dunn, Leslie M. Grey,  :
Craig R. McKay, Edward L. Burke,                   :
Chris Denton, Christopher Ackerman,    :   No. 1713 C.D. 2017
Kevin Chaundy                                      :   Submitted: June 29, 2018


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  September 6, 2018


          Daniel Warren (Warren) appeals, *pro se*, from the October 25, 2017
order of the Court of Common Pleas of Lehigh County (trial court) dismissing his
complaint with prejudice pursuant to Rule 240(j)(1) of the Pennsylvania Rules of
Civil Procedure, Pa.R.C.P. No. 240(j)(1).[1]  Upon review, we agree with the trial
court's conclusion that Warren's complaint is frivolous.  Accordingly, we affirm.

_____

    [1] Rule 240(j)(1) provides,

          If, simultaneous with the commencement of an action or proceeding or the
          taking of an appeal, a party has filed a petition for leave to proceed *in forma
          pauperis*, the court prior to acting upon the petition may dismiss the action,

On October 24, 2017, Warren, an inmate incarcerated at a state correctional institution, filed a complaint against current and former members of the Pennsylvania Board of Probation and Parole (Board) and parole agents employed by the Board (collectively, Appellees). Complaint ¶¶ 3-5, 39-40. In Counts I-VI and IX of his complaint, Warren alleges that the Appellees are "de facto" officers because, before entering their respective offices, they failed to take, subscribe and file with the Secretary of the Commonwealth, of the Department of State the oath of office and/or file with the State Treasurer a fidelity bond to ensure faithful performance of their duties. *Id*. ¶¶ 102-07.[2] Further, Warren asserts that Appellees have, without authority and through an illegal contract, increased the maximum term of his judicially imposed sentence. Complaint ¶¶ 106 & 110. In Count VII, Warren alleges that Appellees pierced the corporate veil to perpetrate a fraud, *id*. ¶ 108, and in Count VIII, Warren alleges that Appellees violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. *Id.* ¶ 109. Simultaneous with the filing of his complaint, Warren filed a petition for leave to proceed *in forma pauperis*. The next day, October 25, 2017, the trial court issued an order dismissing the complaint with prejudice pursuant to Rule 240(j)(1) because the matter "lacks an arguable basis either in law or in fact and is, therefore, frivolous."

---

> proceeding or appeal . . . if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

[2] In Counts I-VI and IX of the complaint, Warren alleges that Appellees engaged in various wrongdoings including having collected unlawful salaries and compensation, published false information regarding their positions and committed fraud against Warren as they are "de facto" officers. Complaint ¶¶ 103-05, 107.

On November 15, 2017, Warren appealed to this Court. Subsequently, the trial court filed its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Pa.R.A.P. 1925(a). In its opinion, the trial court explained that it dismissed the complaint as frivolous because (1) Warren lacked standing to challenge Appellees' right to public office as he did not follow the proper process; (2) Warren should have appealed his recalculated maximum sentence date with the Board, rather than the trial court; (3) Warren failed to identify a corporation or corporate entity to support his piercing the corporate veil claim; and (4) Warren failed to assert any facts to support his RICO claim.

On appeal,[3] Warren contends that the trial court incorrectly dismissed his complaint as frivolous. Rule 240(j)(1) provides that the trial court may dismiss an action, prior to acting on a petition to proceed *in forma pauperis*, if the court is satisfied that the action is frivolous. Pa.R.C.P. No. 240(j)(1). For an action to be deemed frivolous, the action must lack an arguable basis in law or fact. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). An action is frivolous under Rule 240(j)(1) if, on its face, it does not set forth a valid cause of action. *Id*.

First, Warren contends that the trial court erred, as a matter of law, by dismissing Counts I-VI and IX of his complaint for lack of standing. Warren's Brief at 7. Relying on this Court's decision in *Bolus v. Murphy*, 823 A.2d 1075 (Pa. Cmwlth. 2003), the trial court concluded that Warren failed to follow the requirements necessary to challenge Appellees' right to hold public office, *i.e.*, the "writ of quo warranto process." Trial Court Opinion, 2/9/18, at 2. The trial court

---

[3] In reviewing a decision of the trial court to dismiss a complaint pursuant to Rule 240(j)(1), this Court is limited to determining whether the appellant's constitutional rights were violated, whether the trial court abused its discretion, and whether the trial court committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

explained, in relevant part, that "Plaintiff did not attempt to require either the Lehigh County District Attorney or Pennsylvania Attorney General to file a quo warranto action, as [it] is a prerequisite to filing a quo warranto action in one's individual capacity."[4] *Id.* Warren suggests that our Supreme Court in *Reed v. Harrisburg City Council*, 995 A.2d 1137 (Pa. 2010) overturned *Bolus* and, therefore, the trial court erred by relying on it to dismiss his claim. Warren's Brief at 7. Warren is incorrect.

In *Reed*, our Supreme Court reiterated the general rule that a *quo warranto* action is the "exclusive means" of challenging the title or right to public office and "only the Attorney General or local district attorney may institute a *quo warranto* action." *Reed*, 995 A.2d at 1139 (citing *In re One Hundred or More Qualified Electors of the Municipality of Clairton*, 683 A.2d 283, 286 (Pa. 1996)). Further, the Supreme Court explained,

> [A] private person, with no special right or interest in the public office, must first seek to have either the Attorney General or local district attorney file a *quo warranto* action. It is only after *both* the Attorney General and the local district attorney decline to bring such an action that a private person will have standing to seek the removal of the holder of a public office . . . .

*Id.* (emphasis in original) (quoting *In re One Hundred*, 683 A.2d at 287 n.10). Warren did not allege in his complaint that he sought the assistance of the Attorney General and the local district attorney and that they both declined to bring such an

---

[4] In its reasoning, the trial court relied on the fact that it dismissed another complaint filed by Warren pertaining to the same matter and noted Warren's repeated failure to follow the proper process, namely, Warren did not attempt to require either the Lehigh County District Attorney or Pennsylvania Attorney General to file a *quo warranto* action. However, this Court's analysis is focused on whether the complaint filed in this case lacks an arguable basis in law or fact.

4

action. To support his argument that the Supreme Court overturned *Bolus*, Warren quotes the following in *Reed*:

> We have never required a *private party with a special interest* to notify the Attorney General and local district attorney before filing a *quo warranto* action. Consistent with our long-standing precedent, *we hold a private party with a special interest in the matter may institute a quo warranto action without first notifying the Attorney General or the local district attorney.* We disapprove of the Commonwealth Court's holding[] . . . in *Bolus* insofar as [i]t is *inconsistent with our holding*.

*Id.* at 1140 (emphasis added) (citation omitted). As explained by the Supreme Court, its holding was limited to addressing the "private party with special interest" exception. The Supreme Court specifically explained,

> Our decision today is not carte blanche for anyone adversely affected by a public official's decision to bring a *quo warranto* claim against that public official. A private person "'must show in himself an interest in the controversy . . . . He must possess some peculiar, personal interest aside from his general interest as a member of the public.'" *Stroup v. Kapleau*, 455 Pa. 171, 313 A.2d 237, 238-39 (1973) (quoting *Commonwealth ex rel. Schermer v. Franek*, 311 Pa. 341, 166 A. 878, 879 (1933)).

*Reed*, 995 A.2d at 1140.

Relying on this reasoning, the Supreme Court concluded in *Reed* that appellees, the mayor of Harrisburg and a member of the Harrisburg Authority Board, had standing as private parties with a special interest in their offices to bring a *quo warranto* action to challenge the validity of an ordinance. *Id*. at 1140-41. The

ordinance, enacted by the city council, granted the council the "sole power" to appoint members to the Harrisburg Authority Board; previously, the mayor held this power of appointment with the council's advice and consent. *Id*. at 1138. The Supreme Court reasoned that the mayor had a special interest in defending his authority to appoint board members and the board member had a special interest in retaining his position by protecting the power of the mayor to appoint him. *Id*. Stated otherwise, the appellees in *Reed* had standing because they sought the right to hold and to exercise the powers of their own offices by challenging the ordinance at issue.

Here, Warren made no allegations in his complaint that he, as a private party, has a special interest in Appellees' offices or employment, or that he suffered any damages separate from damages suffered by the public generally as a result of Appellees' decision making. To the contrary, Warren alleges that the Appellees are unlawfully holding public office, receiving compensation for services to which they are not entitled, and should be required to return "all unauthorized payments to the public treasury." Complaint ¶¶ 35-37. Warren's allegations and request for relief (*i.e.*, returning taxpayer money) are damages that, if actually incurred, apply to the public generally, not Warren specifically. Though Warren asserts that Appellees, in their capacity as current and former members of the Board and as parole agents, did not have the authority to recalculate his maximum sentence date, this allegation relates to what has already been done under Appellees' authority rather than Appellees' specific right to hold and exercise their powers of office.[5] As our Supreme Court in *Spykerman v. Levy*, 421 A.2d 641 (Pa. 1980) explained,

---

[5] As explained *infra*, if Warren seeks to challenge the Board's decision regarding his recalculated maximum sentence date, he must appeal that determination with the Board rather than initiating a civil action in the trial court.

6

> A quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted, rather than to correct what has already been done under the authority . . . *The gravamen of the complaint is the right to hold and exercise the powers of the office* in contradistinction to an attack upon the propriety of the acts performed while in office.

*Id*. at 648 (emphasis added). Because Warren failed to follow the requirements to bring a *quo warranto* action, the trial court appropriately concluded that Warren lacked standing for the claims asserted in Counts I-VI and IX of the complaint.

Second, Warren argues that the trial court erred by dismissing his complaint because the Board recalculated his maximum sentence date without authority and through an illegal contract. Warren's Brief at 26-28. In his complaint, Warren alleges that he was sentenced to incarceration for 10 to 20 years and that his initial maximum sentence date was November 28, 2017. Complaint ¶¶ 55-57. Warren claims that Appellees "played a part and a role" in increasing his maximum date to February 24, 2023. *Id*. ¶ 57. Warren attached to the complaint a copy of the Board's Order to Recommit and decision setting forth the new maximum sentence date based on his status as a technical and convicted parole violator. Complaint, Exhibits 3-4.

To appeal the Board's decision to revoke his parole, the pertinent regulation, 37 Pa. Code § 73.1(a)(1), provides that appeals "shall" be received at the Board's Central Office within 30 days of the mailing date of the Board's order. "When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal." *Id.* To the extent that Warren asserts that the Board erred when it recalculated his maximum date, Warren should have raised this

7

issue in an appeal to the Board, not the trial court. The trial court appropriately concluded that it was not the proper forum for Warren's claims relating to his recalculated maximum sentence and appropriately dismissed Count IX of his complaint.

Third, Warren argues that the trial court erred by dismissing Count VII of his complaint wherein he purports to assert a claim concerning the Board piercing the corporate veil because the Board "is an independent entity and fits the definition of corporation." Warren's Brief at 17. Warren is incorrect. Warren did not name the Board as a party to the action; he only named current and former members of the Board and agents employed by the Board, all of whom are individuals, not corporations. Complaint ¶¶ 3-5, 39-40. Further, even if Warren had named the Board as a party, Warren's claim could not stand because as the trial court correctly explained, "[f]or there to be an attempt to pierce the corporate veil, there must be a corporation or corporate entity to pierce." Trial Court Opinion at 3 (citing *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)). The Prisons and Parole Code defines the Board as "an independent administrative board for the administration of the probation and parole laws of this Commonwealth," 61 Pa. C.S. § 6111(a), rather than a corporation or corporate entity. Because Warren did not name a corporation or corporate entity in his complaint, we agree with the trial court that this count must fail as a matter of law. Given that Warren failed to allege a fact required to support his claim, the trial court appropriately dismissed Count VII of the complaint.

Finally, Warren argues that the trial court erred by dismissing Count VIII of his complaint because he alleges violations of RICO. Warren's Brief at 19-20. To bring a claim under RICO, Warren must allege facts in his complaint to show

that Appellees engaged in "racketeering activity" or that Appellees are part of an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce" as set forth in 18 U.S.C. §§ 1961(1) and 1962. We agree with the trial court that Warren failed to do so. Because Warren's complaint did not specify, in any manner, how Appellees engaged in racketeering activity or an enterprise affecting commerce, the trial court appropriately dismissed Count VIII of the complaint for failing to aver facts to support the claim.

Based on the foregoing, Warren's complaint does not set forth any valid causes of action. We conclude that the trial court appropriately dismissed the complaint as frivolous pursuant to Rule 240(j)(1) and, therefore, affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren,                   :
            Appellant         :
                                     :
           v.                     :
                                     :
Michael C. Potteiger, Everett A.    :
Gillison, Mark D. Koch, Linda     :
Pastroff Rosenberg, Theodore W.   :
Johnson, Leo L. Dunn, Leslie M. Grey, :
Craig R. McKay, Edward L. Burke,   :
Chris Denton, Christopher Ackerman, :    No. 1713 C.D. 2017
Kevin Chaundy                   :

# O R D E R

AND NOW, this 6th day of September, 2018 the order of the Court of Common Pleas of Lehigh County dated October 25, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge