J-S11032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT GENE REGA (SON) AND JOAN MARY REGA (MOTHER) | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| THI OF PENNSYLVANIA, D/B/A THE GREENERY SPECIALTY CARE CENTER OF CANONSBURG, ET. AL. | : : : : : : | No. 967 WDA 2020 |
| APPEAL OF: ROBERT GENE REGA | : | |

Appeal from the Order Entered September 8, 2020
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2020 CV 2288

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                           **FILED: APRIL 30, 2021**

This matter is an appeal filed by Robert Gene Rega (Appellant), *pro se*, from the denial of a preliminary injunction in an action that he brought on his own behalf and on behalf of his mother, Joan Mary Rega (Mrs. Rega), under a power of attorney, against the nursing home in which Mrs. Rega resides, THI of Pennsylvania, d/b/a The Greenery Specialty Care Center of Canonsburg (Defendant).  We affirm.

On April 28, 2020, Appellant commenced an action against Defendant by writ of summons.  On the same date, Appellant filed a motion for pre-

_____

[*] Retired Senior Judge assigned to the Superior Court.

complaint discovery and a motion for a preliminary injunction. Appellant's motion for a preliminary injunction sought an order enjoining Defendant from preventing Mrs. Rega from accessing her room telephone, from refusing to aid Mrs. Rega in using her telephone, and from moving Mrs. Rega to another room. In this motion, Appellant alleged that Defendant's caregivers have prevented Mrs. Rega from answering her telephone calls from him in violation of Mrs. Rega's rights, under statute and regulations that govern nursing homes, to communicate with her legal representative and family. In its response to the motion for a preliminary injunction, Defendant denied that it had prevented Appellant and Mrs. Rega from speaking by telephone and alleged that Appellant had spoken with Mrs. Rega by telephone.

On September 8, 2020, the trial court held a hearing on both the motion for pre-complaint discovery and the motion for a preliminary injunction at which Appellant, who is incarcerated in a state correctional institution, testified telephonically. At this hearing, Appellant claimed that he heard from an unidentified "friend of a friend" who works for Defendant that Defendant's employees had turned off the ringer on Mrs. Rega's telephone or were instructed by management not to answer it, but admitted that he had no personal knowledge of this. N.T. at 5-6, 10-11. Appellant did testify that he had made calls to Mrs. Rega's telephone number that were not answered. **Id.** at 4-5, 8, 11, 14-15. Appellant also testified that Defendant had moved Mrs. Rega to another room and that this disrupted his ability to call her because

prison approval of a new telephone number that he may call takes 30-45 days. *Id.* at 3. Defendant's counsel represented to the trial court that Mrs. Rega had been moved from a room that she shared with a roommate to a private room to maintain social distancing protocols and that Defendant had provided her room and telephone number to Appellant. *Id.* at 6. Appellant admitted that he had the telephone number for Mrs. Rega's current room and the main telephone number for the nursing home. *Id.* at 4, 8, 12.

On September 9, 2020, the trial court entered an order granting in part Appellant's motion for pre-complaint discovery and denying Appellant's motion for a preliminary injunction. Appellant timely appealed the denial of injunctive relief on September 14, 2020. Although the action remains pending in the trial court and there is no final order, this Court has jurisdiction over this appeal as an interlocutory appeal as of right because it is an appeal from an order denying an injunction. Pa.R.A.P. 311(4).

Appellant presents the following issues for our review:

[1.] Whether the court committed an error of law and/or abused its discretion when it failed to grant an injunction when all requisites to grant such injunction were established, and the defendant[']s acts or omissions warranted such injunction.

[2.] Whether the court committed an error of law and/or abused its discretion when it failed to an [*sic*] grant an injunction due to a failure to conduct a full and adequate hearing, and its adoption of opposing counsel[']s unfounded allegation that said power of attorney establishing plaintiff as agent for Joan Mary Rega was unenforceable.

Appellant's Brief at 5 (unnecessary capitalization omitted).

We review the trial court's denial of Appellant's motion for a preliminary injunction for an abuse of discretion. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003); *Eckman v. Erie Insurance Exchange*, 21 A.3d 1203, 1206 (Pa. Super. 2011). This review is highly deferential. *Allied Environmental Service, Inc. v. Roth*, 222 A.3d 422, 426 (Pa. Super. 2019); *Eckman*, 21 A.3d at 1207.

> [O]n an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Summit Towne Centre, Inc.*, 828 A.2d at 1000 (quoting *Roberts v. Board of Directors of School District of Scranton*, 341 A.2d 475 (Pa. 1975)) (second brackets in original).

We conclude that the trial court had reasonable grounds for denying Appellant's motion for a preliminary injunction and did not abuse its discretion. A preliminary injunction may only be granted where the plaintiff shows that (1) an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) he is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the

- 4 -

public interest will not be harmed if the injunction is granted. *Brayman Construction Corp. v. Department of Transportation*, 13 A.3d 925, 935 (Pa. 2011); *Summit Towne Center, Inc.*, 828 A.2d at 1001; *City of Allentown v. Lehigh County Authority*, 222 A.3d 1152, 1156-57 (Pa. Super. 2019). A trial court has reasonable grounds for denying injunctive relief where it properly concludes that any of those six requirements is not satisfied. *Summit Towne Center, Inc.*, 828 A.2d at 1001. Where the claim for injunctive relief depends on speculative assertions, the denial of a preliminary injunction is proper and must be affirmed. *Id.* at 1001-03; *City of Allentown*, 222 A.3d at 1160-61.

Here, the trial court denied the preliminary injunction because it concluded that Appellant did not show that Defendant was preventing or actively interfering with Appellant's telephone calls to Mrs. Rega and therefore did not satisfy the requirement that he was likely to prevail on the merits. Trial Court Opinion at 3-6. The trial court rejected Appellant's testimony concerning what an unnamed friend of a friend told him as "neither competent nor credible" and concluded that any inference of obstruction from the fact that Appellant made calls to Mrs. Rega that went unanswered and the fact that Mrs. Rega had been moved to a different room was speculative because Mrs. Rega did not have 24-hour a day supervision and Appellant was given a

- 5 -

telephone number through which she could be reached after the move. *Id.* at 3-5.[1]

Appellant's argument that the trial court denied him an adequate hearing and his attempt to raise the issue of the validity of his power of attorney are without merit. The trial court allowed Appellant to speak at length and offer any evidence that he had that Defendant was obstructing his telephone calls to Mrs. Rega, and gave him multiple opportunities to explain why he contended that the unanswered calls and change in Mrs. Rega's room showed obstruction. N.T. at 2-15, 21. Although Defendant's counsel attempted to challenge the power of attorney at the hearing in opposing Appellant's request for pre-complaint discovery, the trial court made no ruling on the issue, noting that the challenge to the power of attorney "isn't before me right now." *Id.* at 24-25. Because the trial court did not base its denial of the preliminary injunction on any alleged defect in the power of attorney and made no ruling at all on the subject, the issue of the validity of Appellant's

---

[1] Appellant argues in his reply brief that after the trial court denied the preliminary injunction, Defendant moved Mrs. Rega multiple times, has not provided her telephone number to him, and has blocked his calls to the main number of the nursing home, which prevents him from using that number to reach Mrs. Rega in the future. In our review, we may consider only the record before the trial court, not allegations or documents outside the record concerning subsequent events. *Commonwealth v. Rainey*, 928 A.2d 215, 235 n.20 (Pa. 2007); *Matter of One Hundred or More Qualified Electors of Municipality of Clairton*, 683 A.2d 283, 287 (Pa. 1996). Appellant's allegations in his reply therefore cannot be considered by this Court. Rather, Appellant's remedy, if any, if he can prove these new facts, is in the trial court.

power of attorney cannot constitute a ground for reversal of the trial court and is not before us in this appeal.

For the foregoing reasons, we conclude that the trial court had reasonable grounds for denying Appellant's motion for a preliminary injunction and did not abuse its discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2021